**Peter Kole MURRAY, Appellant (Defendant),**

v.

**Carol Ann MURRAY, Appellee (Plaintiff).**

No. 94–194.

Supreme Court of Wyoming.

April 26, 1995.

Peter Kole Murray, pro se.

No appearance representing appellee.

Before GOLDEN, C.J., MACY, TAYLOR and LEHMAN, JJ., and BRACKLEY, District Judge.

TAYLOR, Justice.

Appellant appeals from an order dissolving his marriage to appellee. Appellant filed a timely motion for continuance and a request for transportation from the Wyoming State Penitentiary to the divorce hearing. The district court did not respond to the motion or the request.

## I. ISSUES

Appellant, appearing pro se, sets forth one issue in the form of a statement:

> Mr. Murray has been deprived of his constitutional rights to due process by the trial court's refusal to allow him to be present at the trial, and by refusing to issue rulings on defense motions, completely preventing Mr. Murray from having an opportunity to be heard.

Appellee did not present an appellate brief for review.

## II. FACTS

Appellee, Carol Ann Murray (Carol), filed a complaint for divorce seeking dissolution of her marriage to appellant, Peter Kole Murray (Peter). A hearing was set for June 15, 1994 and Peter filed a timely motion for continuance and a request for transportation from the Wyoming State Penitentiary in Rawlins, Wyoming to the divorce hearing in Cheyenne, Wyoming. The district court did not respond to the motion or the request and the trial proceeded as scheduled. Peter, incarcerated at the Wyoming State Penitentiary, did not appear and judgment was entered against him.

## III. DISCUSSION

The Constitution of the United States and the Constitution of the State of Wyoming each provide that no person shall be deprived of life, liberty or *property* without due process of law. U.S. Const. amend. XIV, § 1; Wyo. Const. art. 1, § 6. " 'It is basic that, *before* a property interest can be terminated, except in emergency situations, due process must be afforded to litigants in the form of notice and a *meaningful* opportunity to be heard.' " *Sandstrom v. Sandstrom,* 880 P.2d 103, 106 (Wyo.1994) (*quoting Lawrence–Allison and Associates West, Inc. v. Archer,* 767 P.2d 989, 997 (Wyo.1989)) (emphasis in original). It would have been a simple matter to allow Peter to participate in the divorce hearing via conference call. Peter, however, was denied his day in court.

## IV. CONCLUSION

We reverse and remand for further proceedings consistent with this opinion.