**Scott A. WOLFE, Appellant (Defendant),**

v.

**Amy S. WOLFE, Appellee (Plaintiff).**

**No. 94–299.**

Supreme Court of Wyoming.

July 12, 1995.

John M. Burman, Supervisor, Matthew F.G. Castano, Student Director, University of Wyoming Legal Services, Laramie, for appellant.

No appearance, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

We review an order of the district court which modified a divorce decree to eliminate a stipulation between the parties providing that appellant would be allowed visitation with his son at the Wyoming State Penitentiary. The modification was effected without a hearing and without evidence being placed in the record.

We reverse and remand for further proceedings.

Appellant Scott A. Wolfe (father) raises these issues:

I. Whether the district court violated the Fourteenth Amendment of the United States Constitution and Article 1 § 6 of the Constitution of the State of Wyoming in denying the Appellant an opportunity to be

heard before modifying the custody and visitation provisions of the divorce decree.

II. Whether the district court erred in ordering a modification of the Divorce Decree when there had been no substantial change in the circumstances of the parties since the divorce.

III. Whether the Order of the District Court abridged the rights of the Appellant arising under the First Amendment of the Constitution of the United States and Article 1 § 20 of the Constitution of the State of Wyoming.

Appellee Amy S. Wolfe (mother) did not file a brief.

The parties were married in November 1989, while father was incarcerated. A son was born to the parties on August 1, 1990, while father was incarcerated. By decree entered on December 10, 1992, the parties were divorced while father was incarcerated. The decree provided that father would have visitation with his son one day per month for six hours while he was incarcerated and then more liberal visitation after he was released from prison. On April 12, 1993, mother filed a petition to modify the divorce decree to eliminate all visitation by father because he was at large and wanted by the law. That petition was dismissed for lack of diligent prosecution on March 30, 1994.

On July 11, 1994, father filed a motion for order to show cause why mother should not be held in contempt for failure to permit father visitation at the penitentiary and because mother refused to permit father to send letters to his son. On July 15, 1994, the district court wrote to father at the penitentiary and asked him to submit an order for the district court's consideration. The district court denied that motion, finding such an order was not justified. Father then filed a "Motion for Order Finding Plaintiff [Mother] in Contempt of Court," asserting that mother was denying him visitation with his son at the penitentiary and that she returned any mail he sent to his son. Included with that motion was another motion for order to show cause, with proposed order, and a motion to set the matter for hearing. The district court corresponded with mother asking whether she had been served with the

motions and directing her to file a written response within 10 days. Mother sent a response to the district court but did not serve it on father.

On October 25, 1994, the district court entered an order which provided as follows:

THE COURT FINDS that both parties are in violation of the divorce decree.

[T]hat a requirement of the child to visit the father while in custody is contrary to public policy and is not in the best interest of the minor child. . . .

[T]hat neither party is entitled to a hearing, and further, that a hearing is unnecessary.

IT IS, THEREFORE, ORDERED that plaintiff [mother] shall permit written contact by the Defendant [father] with the son, provided that such written contact makes no reference to confinement in the Wyoming State Penitentiary.

IT IS FURTHER ORDERED that the order directing visitation at the Wyoming State Penitentiary is hereby nullified.

IT IS FURTHER ORDERED that the support obligations provided for in said decree shall continue and be complied with to Defendant's best ability, however, the obligation of full compliance is not suspended.

IT IS FURTHER ORDERED that the Defendant's petition for a motion for and order to show cause is hereby denied.

From that order, father perfected this appeal.

The divorce decree provided for visitation. Wyoming law dictates that appropriate arrangements be made for visitation by a noncustodial parent. WYO.STAT. § 20–2–113(a), (p) and (q) (1994). Under the circumstances presented in this case, as outlined above, we hold the district court abused its discretion in modifying the visitation provisions of the divorce decree without affording father an opportunity to be heard or otherwise providing for the development of an evidentiary record. *Murray v. Murray*, 894 P.2d 607, 608 (Wyo. 1995); *Barron v. Barron*, 834 P.2d 685, 688 (Wyo.1992); *Tanner v. Tanner*, 482 P.2d 443, 444–45 (Wyo.1971); and *see Sullivan v.*

*Shaw,* 437 Pa.Super. 534, 650 A.2d 882 (1994) (inmate must be afforded some opportunity to be heard concerning visitation with child). Such a decision involves fact sensitive issues and, while there is no absolute right to visitation in a correctional facility, denial of visitation, or as in this case modification of visitation, must be based upon evidence conspicuous in the record. *See Matter of L.A.S.,* 134 N.J. 127, 631 A.2d 928 (1993); *Matter of Marriage of Brewer,* 13 Kan.App.2d 44, 760 P.2d 1225, 1227 (1988); *Griffiths v. Griffiths,* 127 Ill.App.3d 126, 82 Ill.Dec. 220, 222–23, 468 N.E.2d 482, 484–85 (4 Dist.1984); *Casper v. Casper,* 198 Neb. 615, 254 N.W.2d 407, 409 (1977). The lack of any such evidence compels us to reverse.

Because of our holding above, it is unnecessary to address the other issues raised by father.

Reversed and remanded for further proceedings consistent with this opinion.