**Louis Frank TAGEANT, Jr.,
Appellant (Defendant),**

v.

**Elana Mae TAGEANT, Appellee
(Plaintiff).**

No. 95–148.

Supreme Court of Wyoming.

Jan. 5, 1996.

Louis Frank Tageant, Jr., Appellant pro se.

No appearance for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Louis Tageant, Jr. (the husband) appeals from the judgment and decree of divorce which dissolved his marriage to Appellee Elana Mae Tageant (the wife).

We reverse and remand.

## ISSUES

The husband presents two issues for our review:

### I

Whether Appellant (Defendant) was denied due process of law under the Fourteenth Amendment to the Federal Constitution when the trial court ignored a timely motion for a trial continuance based upon Appellee's (Plaintiff's) failure to answer the cross-complaint and interrogatories, and proceeded with trial without allowing the incarcerated pro se defendant any opportunity to be heard in opposition prior to subjecting him to significant property rights deprivations?

### II

Whether the trial court improperly denied a timely filed motion to vacate final judgment by ruling that (a) the defendant was free to appear at trial; (b) the defendant's prior criminal conduct, resulting in incarceration, justified his exclusion from the trial; and (c) pro se prisoner litigants are held to the same pleading and practice standards as professional attorneys?

## FACTS

The wife filed a complaint for a divorce, seeking the dissolution of her marriage to the husband. The husband filed an answer to the complaint, generally admitting many of the allegations but denying that the wife was entitled to have a judgment on her claim of irreconcilable differences. He contended that a judgment should be entered in his favor under the common law theory of adultery. The wife requested a trial setting, and the district court set the case for trial on April 28, 1995. The husband filed a timely motion for a continuance, but he failed to file a request for a hearing or a proposed order with his motion. The district court did not rule on the motion prior to the trial date, and the case proceeded to trial as scheduled. The husband, who was at the time incarcerated at the Wyoming Honor Farm, did not appear at the trial, and the district court

entered a judgment against him. The husband appeals from this judgment.

## DISCUSSION

We recently considered a case with similar facts. *Murray v. Murray,* 894 P.2d 607 (Wyo.1995). In *Murray,* the appellee filed a complaint, requesting a divorce from the appellant. 894 P.2d at 608. After the hearing on the matter had been scheduled, the appellant filed a timely motion for a continuance and a request for transportation from the Wyoming State Penitentiary to the hearing in Cheyenne. *Id.* The district court did not respond to the motion or the request, and the trial proceeded as scheduled. *Id.* The appellant did not appear at the hearing, and the district court entered a judgment against him. *Id.* Our holding in that case is dispositive of the issues which are presented in the case at bar:

> The Constitution of the United States and the Constitution of the State of Wyoming each provide that no person shall be deprived of life, liberty or *property* without due process of law. U.S. Const. amend. XIV, § 1; Wyo. Const. art. 1, § 6. " 'It is basic that, *before* a property interest can be terminated, except in emergency situations, due process must be afforded to litigants in the form of notice and a *meaningful* opportunity to be heard.' " *Sandstrom v. Sandstrom,* 880 P.2d 103, 106 (Wyo.1994) (*quoting Lawrence–Allison and Associates West, Inc. v. Archer,* 767 P.2d 989, 997 (Wyo.1989)) (emphasis in original). It would have been a simple matter to allow [the appellant] to participate in the divorce hearing via conference call. [The appellant], however, was denied his day in court.

*Id.* (emphasis in original).

We again hold that the husband was entitled to participate in the hearing, at least through a conference call. Since he was not given that opportunity, his right to have due process was violated.

## CONCLUSION

We reverse the judgment and decree of divorce which dissolved the husband's marriage to the wife and remand the case to the district court for further proceedings which are consistent with this opinion.