No. 97-727

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 180N

IN THE MATTER OF THE CUSTODY AND

PATERNITY OF LAURA ANNE HUMPHREY,

JENNIFER LEE HUMPHREY and

KIMBERLY LYNN HUMPHREY,

Minor children.

MICHELE C. REDMON,

Petitioner and Respondent,

and

LEE DAVID HUMPHREY,

Respondent and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lee David Humphrey, *Pro Se*, Rawlins, Wyoming

For Respondent:

George Radovich, Attorney at Law, Billings, Montana

Submitted on Briefs: April 9, 1998

Decided: July 21, 1998

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be**

filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Lee David Humphrey (David), appearing *pro se*, appeals from the judgment entered by the Thirteenth Judicial District Court, Yellowstone County, on its order granting custody of his three minor children (the children) to Michele C. Redmon (Michele). We affirm.

¶3 We restate the issues on appeal as follows:

¶4 1. Did the District Court's failure to make arrangements for David to appear at the hearing in person or by telephone conference call constitute reversible error?

¶5 2. Did the District Court's denial of David's motion for a continuance of the hearing constitute reversible error?

*BACKGROUND*

¶6 David and Michele were involved in an intimate relationship for several years. They did not marry; they did, however, have three children.

¶7 David was convicted of two counts of second degree sexual assault in Wyoming in May of 1996, and has been incarcerated in the state penitentiary in Rawlins, Wyoming, since his sentencing for those offenses in June of 1996. The convictions involved David's sexual assault of his minor child from a previous relationship and he was sentenced on each count to a term of imprisonment of not less than ten, nor more than twenty, years, the sentences to be served consecutively.

¶8 On March 4, 1997, Michele petitioned the District Court for sole care, custody and control of the children and requested that David be denied all contact with them as a result of the convictions referenced above. Michele further requested that the District Court order that she continue to receive David's Veteran's Administration (VA) benefits for the support of the children and that she pay any medical expenses not covered by other benefits she was receiving.

¶9 Appearing *pro se*, David alleged that a Wyoming court had awarded him custody of the children in 1994, two years prior to his incarceration. He did not directly controvert Michele's request for sole custody in his allegations, but merely contended that, denying him all contact with the children would constitute the abrogation of his parental privileges and rights. In return, according to David, his parental responsibilities also should be abrogated and Michele should not continue to receive the VA benefits for the children. In his prayer for relief, however, David requested that the District Court honor the Wyoming custody award and arrange--apparently at public expense--for him to appear in person or by telephone conference call at any hearing relating to Michele's petition. The District Court did not respond to the latter request and David did not renew the request via a motion or otherwise.

¶10 The District Court set an October 31, 1997, hearing date. On October 14, 1997, David requested a continuance because unspecified "legal papers" had been misplaced or destroyed by prison personnel, and the District Court denied the motion. The hearing was held as scheduled and David did not appear. The District Court subsequently issued its findings of fact, conclusions of law, and judgment awarding care, custody and control of the children to Michele; denying David any contact with the children; ordering that Michele continue to receive the VA benefits consistent with VA rules; and ordering Michele to pay any of the children's medical expenses not covered by Medicaid and SSI medical benefits. David appeals.

## DISCUSSION

¶11 1. Did the District Court's failure to make arrangements for David to appear at the hearing in person or by telephone conference call constitute reversible error?

¶12 The District Court held a hearing on Michele's petition on October 31, 1997. David did not appear at the hearing in person because he was incarcerated in Wyoming. He was not represented by counsel and did not make arrangements to appear via telephone conference call, apparently for lack of funds. David contends that the District Court violated his due process rights when it failed to make arrangements for him to appear in person or by telephone conference call as requested in his answer to Michele's petition.

¶13 Due process has two elements: notice and the opportunity to be heard. In re

Marriage of Robbins (1985), 219 Mont. 130, 138, 711 P.2d 1347, 1352 (citation omitted). David concedes that he received notice of the hearing but contends that he was denied an opportunity to be heard.

¶14 The hearing on a petition constitutes the opportunity to be heard. *See Marriage of Robbins*, 219 Mont. at 138, 711 P.2d at 1352. Further, we previously have held that, when a father received notice of the hearing but did not appear, his right to due process was not violated. *Marriage of Robbins*, 219 Mont. at 138, 711 P.2d at 1352.

¶15 Here, David was provided with the opportunity to be heard. While his failure to appear at the hearing in person resulted from his incarceration and it does not appear that he could afford to retain counsel to appear on his behalf or pay for his appearance via telephone conference call, the opportunity to be heard which due process requires did not evaporate as a result of David's particular circumstances. Moreover, David cites to no federal or Montana authority pursuant to which due process required the District Court to undertake the arrangements for his appearance at all, much less at the public's expense, in this civil matter. While the court may have chosen to do so under these circumstances, David has not established that his due process rights were violated by the court's failure to arrange and pay for his appearance either in person or via telephone conference call.

¶16 In any event, "[n]ot all error is reversible error . . . . Reversible error is error that affects a party's substantial rights." Garrison v. Averill (1997), 282 Mont. 508, 519, 938 P.2d 702, 709 (citation omitted); *see also* Rule 61, M.R.Civ.P. Here, David does not raise any substantive issues on appeal regarding error in the District Court's findings and conclusions. He does not contend, for example, that the court lacked jurisdiction or erred in awarding custody to Michele. Absent such assertions of substantive error, David has failed to establish that he was prejudiced or his substantial rights affected by the District Court's failure to arrange for his appearance at the hearing in person or by telephone conference call. Moreover, our review of the limited record provided on appeal does not reveal any substantive error by the District Court.

¶17 Relying on a series of Wyoming cases, David argues that due process requires that he be permitted to appear by telephone conference call. None of the cited cases is on point, however, for a number of reasons. Unlike the present case, the inmates in those cases raised substantive issues on appeal. *See* RPM v. State, Dept. of Family

Services (Wyo. 1996), 917 P.2d 169, 169; Wolfe v. Wolfe (Wyo. 1995), 899 P.2d 46, 46-47. Moreover, also unlike the present case, the Wyoming Supreme Court determined in those cases that substantive error appeared on the face of the record. *See RPM*, 917 P.2d at 171; *Wolfe*, 899 P.2d at 47-48. Finally, while it appears that Wyoming has a uniform district court rule which permits any party to move or request appearance by telephone, it also appears that the rule requires the requesting party to place--and pay for--the telephone call. *RPM*, 917 P.2d at 171 (Price, Dist. J., concurring). Montana's Uniform District Court Rules contain no similar provision regarding appearance by telephone and, in any event, even under the Wyoming rule, the District Court would not have been required to arrange for the telephone conference call or provide it at the public's expense.

¶18 We hold that the District Court's failure to make arrangements for David to appear in person or via telephone conference call did not constitute reversible error.

¶19 2. Did the District Court's denial of David's motion for a continuance of the hearing constitute reversible error?

¶20 The District Court set the October 31, 1997, hearing date on September 3, 1997. Almost six weeks later, and approximately two weeks before the scheduled date, David moved for an extension of that date for at least 90 days on the basis that his "legal papers" had been misplaced or destroyed by prison personnel while the prison was in a "lock-down." He did not specify what the "legal papers" were or why they were necessary. The District Court denied the motion and David asserts error in that regard.

¶21 We review a district court's ruling on a motion for a continuance for an abuse of discretion. Inquiry into M.M. (1995), 274 Mont. 166, 172, 906 P.2d 675, 678 (citation omitted). As support for his contention that the District Court abused its discretion by denying his motion for a continuance, David merely repeats his due process argument. He again fails to establish that he was prejudiced or that his substantial rights were affected in any way by the court's denial of his motion. We hold, therefore, that any abuse of discretion by the District Court in denying David's motion for a continuance of the hearing date was harmless error.

¶22 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.


Justice James C. Nelson specially concurs and dissents.

**¶23 I concur with our decision as to Issue 2; I dissent from our decision as to Issue 1.**

**¶24 Because of David's unique circumstances--he is indigent, unrepresented by counsel and incarcerated--and because he specifically requested, in advance, that the court allow him to participate in the custody hearing by telephone, I would hold that David was denied due process by the court's failure to order that arrangements be made to allow his participation by telephone conference call. Under the circumstances presented here, there was simply no other way that David could participate in the hearing. The slight inconvenience and expense involved in granting David's request was hardly grounds to deny him his day in court and any meaningful opportunity to contest Michele's petition. His "opportunity to be heard" was, in fact, no opportunity at all since he was physically and financially unable to participate in the hearing in any way. He was denied due process purely and simply.**

**¶25 I also disagree with the notion that David was not prejudiced. The relief granted Michele as set out in ¶ 10 of the majority opinion is prejudice *per se*.**

/S/ JAMES C. NELSON