Byron BAKER and Rose Baker,
Appellants (Defendants),

v.

Robert REED and Joan Reed,
Appellees (Plaintiffs).

No. 97–274.

Supreme Court of Wyoming.

Sept. 23, 1998.

Byron Baker and Rose Baker, pro se.

Dennis L. Sanderson, Afton, for Appellees(Plaintiffs).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

Appellants seek reversal of the district court's order enforcing a $30,500.00 promissory note in favor of the Joan Reed Trust and ordering appellants to pay an additional $24,320.76. Appellants, appearing before this court pro se, have failed to comply with W.R.A.P. 7.01. Therefore, we summarily affirm the district court's order and grant appellees' request for sanctions pursuant to W.R.A.P. 10.05.

## I. ISSUES

We decline to address the eleven issues set out by appellants. It is apparent that appellants' only real complaint is that the district judge found in favor of appellees. The issue we will consider is whether sanctions are appropriate due to appellants' failure to present cogent argument and pertinent authority in their brief, as well as their failure to comply with W.R.A.P. 7.01.

## II. FACTS

In 1990, appellants, Byron and Rose Baker (the Bakers), and appellees, Robert and Joan Reed (the Reeds), entered into a business arrangement to purchase a building in Al-

* Chief Justice at time of expedited conference.

pine, Wyoming, convert it into rental units, and share the income. The Reeds were to make the down payment and pay the closing costs. The Bakers were to perform the actual labor needed to remodel the building and rent the units. The Reeds also agreed to front the cost of building materials and other expenses until the business was solvent and self-supporting. The agreement contemplated that the Reeds would be reimbursed for these expenses.

A corporation was formed, the building purchased, and work began. Due to inadvertence, the real property was never deeded to the corporation, but remained in the names of the individual incorporators: Robert and Joan Reed and Byron and Rose Baker, until the time of trial. Things quickly turned sour. Both of the major tenants at the time of purchase left the building requiring remodeling for other tenants. Remodeling proceeded at great expense for a chiropractor who never actually occupied the space, having failed to obtain his Wyoming license. The space was again remodeled into an apartment. These and other problems obligated the Reeds to advance $38,462.00 over and above their initial investment at the time of purchase. Mr. Baker was also obliged to spend more time in remodeling the building than he originally anticipated. As a result of the ongoing expenses, the Reeds contributed an additional $8,000.00 of capital to the corporation and began assisting Mr. Baker with the remodeling.

Although progress was slow, eventually one unit remained to be completed, along with a few minor finishing projects and some outdoor construction. In the summer of 1993, the parties agreed that the Bakers would move into the remaining unfinished unit and would live there rent free for one year. In exchange, the Bakers would complete the remodeling project and handle the rental of the other units. However, after several months without progress, the Reeds demanded that the Bakers begin paying rent. The Bakers did pay rent on their unit for several months, then ceased paying due to the difficulties between the parties. At the time of trial, the Bakers had lived in the unit rent free for almost three years.

The Bakers contend that the promissory note to the Joan Reed Trust was invalid because it was signed under duress and because the corporation had no assets with which to pay the note at the time it was signed, the building never having been deeded to the corporation. The Bakers also contend that Mr. Baker's "sweat equity" contribution should offset the amount of the promissory note. All parties agreed that each of the four original incorporators owned a twenty-five percent share in the business.

The district court found that the promissory note was a valid obligation of the corporation, and ordered the Bakers to pay twenty-four months back rent on their apartment, minus the amount already paid. The district court also found that the Bakers had misappropriated assets belonging to the corporation and ordered the Bakers to reimburse the corporation for those misappropriations. Finally, the district court quieted title to the real property in the corporation.

## III. STANDARD OF REVIEW

■ We will summarily affirm cases or issues in cases that are not presented with cogent argument or pertinent authority. While we may make allowances for pro se litigants, they are not excused from compliance with this rule and with the Wyoming Rules of Appellate Procedure. *Hamburg v. Heilbrun,* 891 P.2d 85, 87 (Wyo.1995).

## IV. DISCUSSION

■ The Bakers' brief is replete with facts that do not appear in the record. The Bakers' brief also appended several exhibits that were not presented before the district court. The exhibits were concerned, for the most part, with events that have taken place since the conclusion of trial. Their "Statement of the Case" eschews information in favor of argumentation and cites primarily "facts" that are not of record. The Bakers' "Argument" is devoid of cogent argument or pertinent authority.

■ We are generally reluctant to impose sanctions and will do so "only in those rare circumstances where an appeal lacks cogent

argument, where there is an absence of pertinent authority to support the claims of error, and/or when there is a failure to adequately cite to the record." *Amen, Inc. v. Barnard,* 938 P.2d 855, 858 (Wyo.1997). The Bakers have failed to comply with any of these standards. Accordingly, we certify there was no just cause for this appeal, and award penalties pursuant to W.R.A.P. 10.05.

## V.  CONCLUSION

The judgment of the district court is summarily affirmed. The Reeds shall submit a statement of costs and attorney fees to this court. Upon review, an appropriate award of costs and fees will be ordered.