Michael Lee STONE, Appellant (Plaintiff–Obligor),

v.

Marylou S. STONE, n/k/a Marylou Sevilla, Appellee (Defendant–Obligee).

No. 99–195.

Supreme Court of Wyoming.

June 23, 2000.

888

Representing Appellant: Michael Lee Stone, pro se.

Representing Appellee: Gay Woodhouse, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Kristen L. Blume, Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY*, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Appearing *pro se*, appellant Michael Stone (Father) attacks a district court order that determined him in arrears in child support for over $11,000. Because Father has presented no reasonable cause for appeal, we affirm and impose sanctions pursuant to W.R.A.P. 10.05.

### ISSUES

Father offers the following statement of issues presented for review:

A. The Seventh Judicial District, the Honorable W. Thomas Sullins, Presiding Judge failed to consider the VERIFIED NOTICE OF FACT AND DATE ERROR, Filed on May 12, 1999 after the Hearing on May 6, 1999. This was due to the fact that the evidence of TERMINATION OF PARENTAL RIGHTS Minute Order was not presented in the May 6th's Seventh Judicial District Court's Hearing. Due to the Colorado Appellate Court's ORDER of

*Retired June 2, 2000.*

NOT ALLOWING ANY PRO SE FILINGS OF THE RESPONDENT SHALL NOT BE CONSIDERED. All Motions and Notices of any nature what-so-ever were not allowed by the Father–Appellant.

B. The (I believe) unintentional error of the Seventh Judicial District Court was the causation of orders condemning the Father–Respondent of unfavorable orders as to why the Trial by Jury could not be had.

C. The absolute paramount decision is that the Father–Respondent be allowed, under Wyoming Statute, be allowed a trial to determine that mother-Appellee may be recognized to have violated the Seventh Judicial District's ORDERs and the State of Wyoming Supreme Court's ORDERS as well.

D. When the Wyoming Court's [sic] examine the Order of the Denver Juvenile Court they will find that the child support was terminated as their [sic] is no mention of Child Support Continuing or due on the final termination orders. Whereas, the Denver Juvenile Court assumed jurisdiction for support and this was adjudicated in Colorado Juvenile Court. The Father–Respondent no longer owes any child support as their [sic] is NO MENTION OF ANY OWING TO THE MOTHER. The child support division in Colorado will verify that they do not send any more "support due notices" as the Colorado Court emancipated the daughter as per the termination decree entry made in the *PETITION FOR ENTRY OF UPDATED JUDGMENT FOR CHILD SUPPORT ARREARAGES BY OPERATION OF LAW*, Filed Mar 23, 1999. (Court Record pp. 4). Wherein it is stated:

"That the Plaintiff shall pay to Defendant, ... the sum of $200.00 per month until ... said child reached the age of majority, marries, or becomes otherwise *emancipated*." (Underscoring mine for emphasis).

E. The father requested certified copies of the Colorado Court's Records and Transcript to prove this statement. He could not have proven this in the Court's Hear-

ing of May 6, 1999, as the court of W. Thomas Sullins erred in not examining the document as it was NOT presented to the Father–Appellant or to the Court. The prosecution [sic] Attorney did not present the document in court that is why it is not of record until after the Hearing of May 6, 1999. Therefore the Father–Appellant could NOT respond until May 12, 1999, after the hearing. If the prosecutor would have only followed the rules of evidence we would not have to appeal this issue.

F.  Again the paramount issue is did the mother by fraud and perjury deny the father his custodial visitation?

The appellee, State of Wyoming, on behalf of Marylou Stone n/k/a Sevilla (Mother), requests that we impose sanctions against Father pursuant to W.R.A.P. 10.05.

### FACTS

Mother and Father were divorced in Natrona County in September of 1991. Mother was awarded custody of the couple's only child, a daughter born June 8, 1988. Father was granted visitation and ordered to pay child support in the amount of $200 each month. Mother and daughter moved to Colorado. On April 26, 1993, the District Court for the City and County of Denver issued a temporary order restraining Father from, *inter alia*, "molesting or disturbing the peace" of Mother and daughter "by telephone or in person wherever they may be found." By its own terms, the temporary restraining order would expire one year after it issued, unless extended. Nearly five years later, on March 10, 1998, a Denver juvenile court terminated Father's parental rights, finding him unfit, "having engaged in long standing neglect of the child."

On March 23, 1999, the Natrona County Child Support Enforcement Department, acting on behalf of Mother, filed a "Petition for Entry of Updated Judgment for Child Support Arrearages by Operation of Law." *See* Wyo. Stat. Ann. § 20–6–106(b); *State, Dep't of Family Servs., Div. of Public Assistance and Social Servs. v. Peterson*, 960 P.2d 1022, 1023 (Wyo.1998) ("the Department may bring this action in its own name, without regard to the obligee's status as a recipient or non-

recipient of public assistance."). In answer, Father filed a number of documents, arguing, among other things, that he had been denied visitation and that his daughter was emancipated. Following a hearing, which apparently went unreported, the district court entered an order, and subsequently an order nunc pro tunc, determining that Father was arrears in child support in the amount of $11,673.34 through April of 1999. Of that amount, $500 was ordered to be paid to the State of Wyoming. The district court also ordered that Father no longer owes a duty of support for the daughter as of March 10, 1998, the date Father's parental rights were terminated by the Colorado court. *See* Wyo. Stat. Ann. § 14–2–317(a)(i) (Lexis 1999). Father appealed.

### DISCUSSION

We will try to decipher Father's issues the best we can. In doing so, we will focus on issues pertaining to the child support arrearages. First, Father appears to argue that the district court had no jurisdiction over its support order because a Colorado court had assumed jurisdiction of the same. The applicable statute provides:

§ 20–4–146.  Continuing exclusive jurisdiction.

(a) A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order:

(i) As long as this state remains the residence of the obligor, the individual obligee or the child for whose benefit the support order is issued; or

(ii) Until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

(b) A tribunal of this state issuing a child support order consistent with the law of this state may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to a law substan-

tially similar to the Uniform Interstate Family Support Act.

Father presents us with no evidence to support his contentions. First, there is nothing in the record establishing that the Colorado courts ever assumed jurisdiction over child support; neither the restraining order nor order terminating parental rights indicates anything of the sort. To further counter Father's claim, nothing establishes that Father's support obligation of $200 per month has ever been modified. It is clear the district court had continuing exclusive jurisdiction to enforce its support order.

■ Father also argues his daughter was emancipated and the emancipation ended his support obligation under the terms of the original support order, which indicated support would cease upon emancipation. Pursuant to Wyo. Stat. Ann. § 14–1–203(f) (Lexis 1999), "[a] declaration of emancipation shall be conclusive evidence that the minor is emancipated, but emancipation may also be proved by other evidence like any other fact." Here, because there is nothing in the record to indicate that a decree of emancipation has been entered, the only question is whether other evidence supports an emancipation.

■ To support his emancipation argument, Father appears to contend that he was denied visitation and the denial of visitation resulted in emancipation. Father also argues his support obligation should have ended on April 26, 1993, the day a Colorado court entered a temporary restraining order, which, Father contends, restrained him from further contact with his daughter. Under Father's theory, his daughter was emancipated on the day that order was entered. In *Broyles v. Broyles*, 711 P.2d 1119, 1127–29 (Wyo.1985), we recognized that the denial of visitation rights by the custodial parent or the child does not constitute a change in circumstances which justifies the reduction or termination of the noncustodial parent's support obligation. *Sharpe v. Sharpe*, 902 P.2d 210, 215 (Wyo.1995). Thus, even if we assume Mother interfered with visitation, Father's duty of support continued. *Broyles*, 711 P.2d at 1127–29. Likewise, even if Father was temporarily restrained from seeing

his daughter, his duty of support continued. Father presented no evidence to establish that his young daughter, age 10 at the time of the hearing on child support arrearages, was no longer in need of care, custody, and maintenance during the period in question. When a child needs care, custody, and maintenance, the child is not emancipated, and the duty to support continues. *Garver v. Garver*, 981 P.2d 471, 474 (Wyo.1999); *Phifer v. Phifer*, 845 P.2d 384, 386 (Wyo.1993); *Broyles*, 711 P.2d at 1127; *see also* Wyo. Stat. Ann. § 14–2–204(a) (Lexis 1999). Father's emancipation argument is without merit.

Father also appears to complain that the district court improperly refused to consider his "Verified Notice of Fact and Date Error," which was filed after the district court's hearing. However, Father presents no cogent argument or authority to support his claim that it should have been considered. We refuse to consider this claim, as well as any other remaining claims, as they are unsupported by the record, cogent argument, or pertinent authority. *Barnes v. Barnes*, 998 P.2d 942, 945 (Wyo.2000); *Osborn v. Estate of Manning*, 968 P.2d 932, 933 (Wyo.1998).

■ We finally turn to the propriety of the district court order finding Father in arrears. Suffice it to say that Father has not presented one shred of evidence to counter Child Support Enforcement's affidavit supporting the amount of child support due. In addition, nothing indicates the support order was modified or terminated prior to this action. The simple fact is that Father owed support and did not pay it. We affirm the district court's Order After Hearing of May 13, 1999, and subsequent Order Nunc Pro Tunc of May 20, 1999.

■ This brings us to the State's request for sanctions. We have often stated, and Father is aware, that we expect *pro se* litigants to comply with the Wyoming rules of appellate procedure in the same way that trained lawyers are expected to perform. *Stone v. Stone*, 842 P.2d 545, 547 (Wyo.1992); *Hamburg v. Heilbrun*, 889 P.2d 967, 968 (Wyo.1995); *Korkow v. Markle*, 746 P.2d 434, 435 (Wyo.1987); *Pinther v. Webb*, 983 P.2d

1221, 1223 (Wyo.1999). While we may make allowances for *pro se* litigants, they are not excused from the requirement that their brief be supported by cogent argument and citations to pertinent authority. *Baker v. Reed*, 965 P.2d 1153, 1154 (Wyo.1998). We are generally reluctant to impose sanctions and will do so "only in those rare circumstances where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, and/or when there is a failure to adequately cite to the record." *Baker v. Reed*, 965 P.2d at 1154–55; *Amen, Inc. v. Barnard*, 938 P.2d 855, 858 (Wyo.1997); *In Interest of FT*, 856 P.2d 1128, 1129–30 (Wyo.1993). As is readily apparent, Father's statement of the issues is virtually unintelligible. We have granted Father considerable leeway in reviewing his brief and addressing some of the issues therein. However, the issues we have deciphered are supported neither by the record, cogent argument, nor pertinent legal authority. Accordingly, we certify there was no reasonable cause for this appeal and award sanctions pursuant to W.R.A.P. 10.05.

### CONCLUSION

The district court's Order After Hearing of May 13, 1999, and Order Nunc Pro Tunc of May 20, 1999, are affirmed. The State shall submit a statement of costs and attorney fees to this court. Upon review, an appropriate award of costs and fees will be ordered.