2003 WY 60

Charles R. ORCUTT and Mary L. Orcutt, Appellants (Defendants/Third Party Plaintiffs),

v.

SHOBER INVESTMENTS, INC., d/b/a Shober Builders, Appellee (Plaintiff),

and

Mickey Shober, individually, Mike Shober, individually, and Linda Shober, individually, Appellees (Third Party Defendants).

No. 02–133.

Supreme Court of Wyoming.

March 19, 2003.

Representing Appellants: Russell A. Hansen, Gillette, Wyoming.

Representing Appellees: Patrick J. Murphy and Jason A. Neville of Williams, Porter, Day & Neville, Casper, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Shober Investments, Inc., d/b/a Shober Builders, filed a contract claim in district court against Charles R. and Mary L. Orcutt alleging a balance due of $18,610 for concrete work performed on the Orcutts' home. The Orcutts answered, counterclaimed, and filed a third-party complaint against Mickey, Mike, and Linda Shober. Shober Builders and the individual Shobers filed a motion for summary judgment when the Orcutts failed to timely respond to requests for admissions and other discovery demands. The district court granted the motion for summary judgment concluding the requested admissions, which were not timely answered, were deemed admitted. We affirm and award sanctions.

## ISSUES

The Orcutts pose two issues which we rephrase as follows:

I. If the court issues a scheduling order which establishes a deadline for completion of discovery, does the order take precedence over the deadline for answering requests for admissions established in the Wyoming Rules of Civil Procedure?

II. If third-party defendants have requested admissions from other defendants and the response is not timely, may the plaintiff rely on the admissions?

## FACTS

In the summer of 2000, the Orcutts hired Shober Builders under an oral contract to perform concrete work on a home in Campbell County. The work was completed in September 2000, and Shober Builders invoiced the Orcutts for $50,845. They paid $32,235 leaving an unpaid balance of $18,610.

In October of 2000, Shober Builders provided the Orcutts with a "Notice of Intention to File Lien" pursuant to Wyo. Stat. Ann. § 29–2–107 (LexisNexis 2001)[1] and subsequently recorded a lien on the property. In April of 2001, Shober Builders filed a complaint for a lien foreclosure and a money judgment against the Orcutts to which the Orcutts timely filed their "Answer, Counterclaim and Third Party Complaint." The Orcutts' counterclaim against Shober Builders and third-party complaint against Mickey, Mike, and Linda Shober, individually, alleged breach of contract, construction negligence, intentional disregard of professional responsibility, and damages of $286,400. The counterclaim triggered a duty to defend under a Shober Investments, Inc. insurance policy and occasioned the entry of appearance by counsel to defend Shober Builders.

[¶ 4] The district court apparently entered a scheduling order in August of 2001, establishing relevant discovery deadlines and a discovery cutoff date. However, the content of this order cannot be confirmed because it appears from this Court's docket file that the order was not designated as part of the record on appeal and, consequently, not included in the certified record from the district court.

On or about August 22, 2001, Shober Builders and the third-party defendants submitted a request for admissions to the Orcutts pursuant to W.R.C.P. 36, which requires a response within thirty days or the matters are deemed admitted. A second set of interrogatories and request for admissions were similarly served on the Orcutts on or about October 19, 2001. The Orcutts' responses to the first admissions request were not served on opposing counsel until November 27, 2001, and their responses to the second admissions request were not served until December 19, 2001. The Orcutts do not deny the responses exceeded the thirty-day deadline established by the rule.

[¶ 6] On or about November 27, 2001, Shober Builders and the third-party defen-

---

1. "Before filing a lien pursuant to this chapter every person shall give ten (10) days notice to the owner or his agent in writing of any claim against a building or an improvement or for materials furnished stating the amount of any claim and from whom it is due." Section 29–2–107.

dants filed a motion for summary judgment against the Orcutts relying upon the admissions to establish that no dispute of material fact existed and the admitted facts entitled them to judgment. After a December 17, 2001, hearing, the district court issued its order finding the Orcutts failed to timely respond to the two requests for admissions and the factual matters set out in those requests were, therefore, deemed admitted. Further, the court held those admitted facts entitled Shober Builders and the third-party defendants to summary judgment.[2] The Orcutts appeal from this order.

## STANDARD OF REVIEW

 The sole issue raised in this appeal from the summary judgment is the district court's interpretation of W.R.C.P. 36 and its own pretrial scheduling order. The Orcutts do not argue their admissions would not provide sufficient grounds for summary judgment.[3] Instead, they maintain a proper reading of W.R.C.P. 36 and the pretrial scheduling order requires this Court to find their responses to the requests for admissions were timely served.

 [¶ 8] When we review a summary judgment, we have before us the same materials as did the district court, and we follow the same standards which applied to the proceedings below. The propriety of granting a motion for summary judgment depends upon the correctness of the district court's dual findings that there is no genuine issue as to any material fact and the prevailing party is entitled to judgment as a matter of law. *Reed v. Miles Land and Livestock Co.*, 2001 WY 16, ¶ 9, 18 P.3d 1161, ¶ 9 (Wyo. 2001); *Mercado v. Trujillo*, 980 P.2d 824, 825 (Wyo.1999). Because the issues are by nature questions of law, this Court gives no special deference to the determinations made by the district court. *Aztec Gas & Oil Corporation v. Roemer Oil Company*, 948 P.2d 902, 903 (Wyo.1997); *Pecha v. Smith, Keller & Associates*, 942 P.2d 387, 390 (Wyo.1997) ("A question of law is reviewed *de novo* by this Court as an exercise of its plenary authority, and no deference is given to the determination by the trial court"); *Anderson v. Bommer*, 926 P.2d 959, 961 (Wyo.1996) (our review is *de novo*, limited to questions of

---

2. **WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**
   1. Judgment is hereby entered for the Plaintiff and against the Defendants Charles R. Orcutt and Mary L. Orcutt for the sum of $18,610, together with pre-judgment interest in the sum of $1,845 (interest at 7% per annum from the Invoice date of September 14, 2000, to February 22, 2002, 17 months), and the court costs in the sum of $83 (lien recording fee of $8, filing fee of $75), for a total judgment of $20,538, together with post-judgment interest;
   2. Judgment is further entered against the Defendants on the Plaintiff's statutory lien, and the Sheriff of Campbell County is authorized and directed to make sale of the property described in the Notice of Lien at public sale in the manner provided by law, with the first proceeds being used to pay costs of sale;
   3. Proceeds of sale after payment of costs of sale and payment of the Plaintiff's judgment shall be paid to the Clerk of District Court for distribution by court order;
   4. Judgment is further entered declaring that the lien of the Plaintiff is superior to the claim of anyone acquiring an interest in the property after this suit was filed on April 25, 2001;
   5. Judgment is further entered against the Defendants on their Counterclaim, which is hereby dismissed with prejudice;

   6. Judgment is further entered against the Defendants on their Third Party Complaint, which is hereby dismissed with prejudice.

3. The first request for admissions, not answered and deemed admitted, included: "15. Please admit that the reason you did not pay Shober Investments, Inc. d/b/a Shober Builders in full for their work was because you were over the construction budget of your home and did not have the money." The second request for admissions, likewise not answered and deemed admitted, included:

   5. Please admit that the damages claimed in your counterclaim were not proximately caused by any actions of Shober Builders.
   6. Please admit that Shober Builders performed all their work in a workmanlike and satisfactory manner.
   7. Please admit that Shober Builders was not negligent in any manner with respect to their work on your home.
   8. Please admit that through your actions as the general contractor you caused all the damage to your home complained of in your Counterclaim.
   9. Please admit that you owe Shober Builders the full amount alleged in their Complaint.

law); *JBC of Wyoming Corp. v. City of Cheyenne,* 843 P.2d 1190, 1194 (Wyo.1992) (we owe no deference to the district court's determination of questions of law); *Griffin v. Bethesda Foundation,* 609 P.2d 459, 461 (Wyo.1980).

## DISCUSSION

### A. Request for Admissions Deadline

■ [¶ 9] The Orcutts do not refute that, "[p]ursuant to W.R.C.P. 36, admissions ·not denied within thirty days are deemed admitted." *TZ Land & Cattle Co. v. Condict,* 795 P.2d 1204, 1208 (Wyo.1990). They are correct that the plain language of W.R.C.P. 36[4] affords the district court the discretion to increase or decrease the thirty-day time frame for a party to respond to requests for admissions. However, we cannot determine whether the district court exercised this authority because the Orcutts did not ensure that the order upon which they rely was included in the record on appeal. Pursuant to W.R.A.P. 3.05(b), the Orcutts were required to file a designation "of all parts of the record ... to which appellant intends to direct the particular attention of the appellate court in its brief" with the clerk of the trial court.[5] The Orcutts failed to file a designation. The record was certified by the

clerk of court on the basis of Shober Builders' record designation. A copy of Shober Builders' designation, though not in the record, is directly referenced in a letter from the clerk of court and apparently did not include the scheduling order. Further, there are no transcripts of the scheduling or summary judgment hearings or settlements of these proceedings as required by W.R.A.P. 3.03.[6] As the appellants, the Orcutts had the burden of providing this Court with a complete record on which to base a decision. *Parsons v. Parsons,* 2001 WY 62, ¶ 11, 27 P.3d 270, ¶ 11 (Wyo.2001); *G.C.I., Inc. v. Haught,* 7 P.3d 906, 911 (Wyo.2000).

■ [¶ 10] The only indication in the record with regard to the scope of the scheduling order is the inference which can be drawn from the district court's decision rejecting the Orcutts' contention. Having no other means to review the district court's decision, we must assume the decision was in accord with the law. *Conner v. Board of County Commissioners, Natrona County,* 2002 WY 148, ¶ 20, 54 P.3d 1274, ¶ 20 (Wyo. 2002); *Cottonwood Valley Ranch, Inc. v. Roberts,* 874 P.2d 897, 899 (Wyo.1994). In addition to a record devoid of the order upon which the appeal is founded, the Orcutts' legal argument presents only a bare asser-

---

4. W.R.C.P. 36 provides in pertinent part:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon that defendant.

5. W.R.A.P. 3.05 provides in pertinent part:

(b) Appellant shall, contemporaneously with the filing of its brief in the appellate court and service of that brief upon appellee, file with the clerk of the trial court a designation for transmission to the appellate court of all parts of the record, without unnecessary duplication, to which appellant intends to direct the particular attention of the appellate court in its brief.

(c) If appellee desires to designate parts of the record for transmission not designated by appellant, appellee shall, contemporaneously with the filing of appellee's brief in the appellate court and service of that brief upon appellant, file with the clerk of the trial court and serve upon appellant a designation of those parts of the record desired by appellee. If appellee does not wish to designate additional portions of the trial court record, then such a certification shall be made to the clerk of the trial court.

6. W.R.A.P. 3.03 provides:

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be served on appellee, who may serve objections or propose amendments within 15 days after service. The statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the trial court in the record on appeal.

tion without evidentiary or legal support; consequently, reversal of the summary judgment is not warranted. *Id.*

 [¶ 11] The Orcutts' failure to designate the record on appeal constitutes a clear failure to comply with the Wyoming Rules of Appellate Procedure which is a separate ground for " 'such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance.' W.R.A.P. 1.03." *Basolo v. Gose*, 994 P.2d 968, 969 (Wyo.2000).

### B. Reliance on Requests for Admissions by All Parties

[¶ 12] The Orcutts also maintain their admissions can be relied upon by only the individual party who propounded the requests. This issue is also presented without cogent argument or relevant legal authority. Authority is provided that the admissions of one party cannot be inferred to be the admissions of another party. However, this concept has no bearing on the instant case. The Orcutts' admissions were not attributed to another party. Rather, consistent with the language of W.R.C.P. 36, another defendant relied upon the Orcutts' admissions for purposes of a summary judgment motion. This is consistent with the wording of the rule:

> (b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

W.R.C.P. 36(b). We conclude the admissions were properly utilized in this case.

### C. Sanctions

 [¶ 13] Shober Builders requests sanctions against the Orcutts claiming they had no reasonable basis on which to appeal from the district court's entry of judgment and failed to support their contentions with cogent argument and pertinent legal authority. Though we are generally reluctant to do

so, we conclude such an award is warranted in this matter because the Orcutts blatantly disregarded the rules which require the appellants to designate an adequate record on appeal and failed to provide cogent argument and pertinent legal authority to support their contentions. *Ahearn v. Hollon*, 2002 WY 125, ¶ 29, 53 P.3d 87, ¶ 29 (Wyo.2002); *Gray v. Stratton Real Estate*, 2001 WY 125, ¶ 11, 36 P.3d 1127, ¶ 11 (Wyo.2001); *Small v. Convenience Plus Partners, Ltd.*, 6 P.3d 1254, 1256 (Wyo.2000). Shober Builders is directed to submit a statement of costs and attorney fees incurred in responding to this appeal. W.R.A.P. 10.06. Upon review, we will award an appropriate amount in the form of sanctions.

[¶ 14] Affirmed.