2003 WY 168

**Jerry WELCH, Appellant (Defendant),**

v.

**Tosha Pearl WELCH, Appellee (Plaintiff).**

No. 03–38.

Supreme Court of Wyoming.

Dec. 30, 2003.

Representing Appellant: Jerry Welch, pro se.

Representing Appellee: Phillip T. Willoughby, Casper, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Jerry Welch (husband) appeals *pro se* from a decree granting Mrs. Welch (wife) a divorce from him. We affirm and award sanctions.

## ISSUES

[¶ 2] In his two-page brief husband fails to provide a statement of issues, but complains generally that he was denied the opportunity to defend the complaint for divorce, was unable to obtain transcripts, and that wife lied to the district court concerning the parties' marital property.

[¶ 3] The appellee phrases the issues as follows:

1. Did the district court abuse its discretion entering the Judgment, Order, and Decree of Divorce?
2. Did the district court deny the Defendant participation in the proceedings?
3. Was the Appellant denied access to the transcript of the proceedings?
4. Did the Appellant meet the technical requirements for briefing required by the rules of appellate procedure?
5. Should the Supreme Court assess costs and other sanctions against the Appellant?

## STANDARD OF REVIEW

[¶ 4] We review the district court's disposition of marital property under an abuse of discretion standard. *Sweat v. Sweat*, 2003 WY 82, ¶ 6, 72 P.3d 276, ¶ 6 (Wyo.2003). This Court has firmly established that the disposition of marital property in a divorce is within the district court's sound discretion. *Root v. Root*, 2003 WY 36, ¶ 8, 65 P.3d 41, ¶ 8 (Wyo.2003) (quoting *Holland v. Holland*, 2001 WY 113, ¶ 8, 35 P.3d 409, ¶ 8 (Wyo.2001)). See also, Wyo. Stat. Ann. § 20–2–114 (LexisNexis 2003). Therefore, we give considerable deference to the district court's findings, and we will not disturb the result absent a showing that the district court clearly abused its discretion. *Sweat*, ¶ 6. In determining whether the district court abused its discretion, we ask whether the district court reasonably could have concluded as it did. *Id.* In answering that question, we consider only the evidence of the successful party and grant to that party every favorable inference that can be drawn from the record. *Id.*

[¶ 5] Husband's claim that he was denied the opportunity to participate in the divorce proceedings raises a constitutional issue. Constitutional issues are questions of law, which we review de novo. *Munoz v. Munoz*, 39 P.3d 390, 392 (Wyo.2002).

## FACTS

[¶ 6] Husband and wife were married in Rawlins, Wyoming on February 8, 1980. They had two sons together, who at the time the complaint was filed had reached the age

of majority and were not subject to the jurisdiction of the district court. Beginning in 1997, husband and wife were separated; at the time of trial they had not lived together for more than four years. In 1998, husband was arrested in the state of Nevada and has been incarcerated in that state ever since. On February 15, 2002, wife filed her complaint for divorce. In her complaint, wife requested the district court to equitably divide the parties' marital property and any indebtedness. Wife served husband by certified mail and husband answered the complaint. In his answer, husband disputed the value of the marital property and debts. The only issue before the district court was the division of the parties' property.

[¶ 7] On September 19, 2002, the district court held a trial on wife's complaint for divorce. Wife attended the hearing with her attorney, while husband appeared by telephone. Because neither party requested a court reporter, the trial proceedings were not reported. In the divorce decree entered October 14, 2002, the district court awarded wife two vehicles, offset any child support arrearages owed by husband, and allowed the parties to keep other marital property that was in their respective possession.

## DISCUSSION

[¶ 8] Husband complains he was "denied the opportunity to respond or defend the complaint for divorce." His complaint appears to be premised on the fact that he appeared by telephone rather than in person. Husband was unable to appear at trial in person because he was incarcerated in Nevada.

[¶ 9] In *Murray v. Murray*, we held:

The Constitution of the United States and the Constitution of the State of Wyoming each provide that no person shall be deprived of life, liberty or *property* without due process of law. U.S. Const. amend. XIV, § 1; Wyo. Const. art. 1, § 6. "It is basic that, *before* a property interest can be terminated, except in emergency situations, due process must be afforded to litigants in the form of notice and a *meaningful* opportunity to be heard.' " *Sandstrom v. Sandstrom*, 880 P.2d 103, 106

(Wyo.1994) (quoting *Lawrence–Allison and Associates West, Inc. v. Archer*, 767 P.2d 989, 997 (Wyo.1989)) (emphasis in original).

894 P.2d 607, 608 (Wyo.1995). In *Murray*, the district court did not respond to the husband's motion for continuance or request for transportation from the Wyoming State Penitentiary to appear at his divorce hearing. *Id.* Because of the district court's failure to respond, the husband was unable to appear at the hearing and judgment was entered against him. *Id.* This Court held that the husband was denied his day in court. *Id.* Accordingly, we reversed the district court's judgment holding that "it would have been a simple matter to allow [the husband] to participate in the divorce hearing via conference call." *Id.* Following the holding in *Murray*, this Court in *Tageant v. Tageant*, 909 P.2d 322 (Wyo.1996), held that an incarcerated *pro se* husband's right to due process was violated when he was denied the opportunity to participate in trial. *Id.* at 323. Once again, we held the incarcerated husband was entitled to participate in the divorce hearing "at least through a conference call." *Id.*

[¶ 10] In this case the record is clear that husband had his day in court. He was served with the complaint by certified mail, and filed an answer and affidavits in support of his position. He requested that he be allowed to appear at trial by telephonic conference "to protect his due process rights." In the decree, the district court stated that husband appeared at trial by telephone and both parties testified. Because husband answered the complaint, filed affidavits in support of his position, and was allowed to participate and be heard at trial, we hold that appellant's due process rights were not violated.

[¶ 11] Next, husband complains he was denied a true and correct copy of the record. Pursuant to Rule 904 of the Uniform Rules of the District Court, if a party desires district court proceedings to be recorded, he must give notice to the official court reporter three days in advance of the hearing. Therefore, husband was required to give notice to the court reporter if he wished to have the

proceeding recorded. We have consistently held that individuals who choose to represent themselves must comply with procedural rules as is required of a trained attorney. *Annis v. Beebe & Runyan Furniture Co.,* 685 P.2d 678, 680 (Wyo.1984). Neither husband nor wife requested the divorce proceeding be reported. Consequently, a transcript of the trial does not exist. We hold husband was not denied access to a transcript of the divorce proceeding.

[¶ 12] Finally, husband complains that wife lied to the district court about the parties' marital property. Wife rephrases the issue as: "Did the district court abuse its discretion entering the Judgment, Order, and Decree of Divorce?" In the absence of a properly authenticated transcript, we must accept the district court's findings of fact. *Burt v. Burt,* 2002 WY 127, ¶7, 53 P.3d 101, ¶7 (Wyo.2002). Lack of a transcript does not require dismissal of an appeal, but absent a transcript, we must presume the regularity of the district court's judgment and the competency of the evidence upon which that judgment was made. *Id.* Because the record does not include a transcript, we presume the district court had a reasonable basis for its decree. Given those parameters, we hold the district court did not abuse its discretion in its disposition of the parties' marital property.

[¶ 13] Wife requests that we award sanctions pursuant to W.R.A.P. 10.05. Sanctions generally are not available when an appeal challenges a district court's discretionary ruling. *Russell v. Russell,* 948 P.2d 1351, 1356 (Wyo.1997). However, we will award sanctions in those rare circumstances where an appeal lacks cogent argument, there is an absence of pertinent legal authority to support the issues, or there is a failure to adequately cite to the record. *Baker v. Reed,* 965 P.2d 1153, 1154–55 (Wyo.1998). See also e.g., *Barnes v. Barnes,* 998 P.2d 942, 946 (Wyo.2000); *Stone v. Stone,* 7 P.3d 887, 890–91 (Wyo.2000); *Orcutt v. Shober Investments, Inc.,* 2003 WY 60, ¶ 13, 69 P.3d 386, ¶ 13 (Wyo.2003). *Pro se* litigants are not excused from the requirements set forth in the Wyoming Rules of Appellate Procedure. *Stone,* 7 P.3d at 891. Not only does hus-

bands brief fail to state the issues in compliance with W.R.A.P. 7.01, but the issues we have deciphered from his brief are not supported by the record, cogent argument, or pertinent legal authority. Accordingly, we certify there was no reasonable cause for husbands appeal. Wife shall submit a statement of costs and attorneys fees to this Court. Upon review, an appropriate award of costs and fees will be ordered.

[¶ 14] Affirmed.