2005 WY 161

**Robert Lee MONTOYA, Appellant (Defendant),**

v.

**Patricia A. NAVARETTE MONTOYA, Appellee (Plaintiff).**

**No. 05–65.**

Supreme Court of Wyoming.

Dec. 21, 2005.

266

Representing Appellant: Carol K. Watson, of Phelan Law Offices, Cheyenne, Wyoming.

Representing Appellee: Jakob Z. Norman, of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   Robert Lee Montoya challenges the divorce decree entered by the district court. Mr. Montoya claims the district court abused its discretion in its distribution of the marital property.   We affirm and award sanctions.

## ISSUES

[¶ 2]   Mr. Montoya failed to provide a statement of the issues.   We restate the issues presented by Mrs. Navarette–Montoya as follows:

A.   Whether this Court should refuse to consider Mr. Montoya's contentions because he failed to provide a statement of issues pursuant to W.R.A.P. 7.01(d).

B.   Whether this appeal should be dismissed because Mr. Montoya failed to provide a settled and approved state-ment of the evidence in violation of W.R.A.P. 3.03.

C.   Whether the district court abused its discretion in its disposition of marital assets.

D.   Whether reasonable attorney's fees should be assessed against Mr. Montoya pursuant to W.R.A.P. 10.05.

## FACTS

[¶ 3]   The parties were married in 1988. In September 2003, Mrs. Navarette–Montoya filed a complaint for divorce.   After trial, the district court entered a divorce decree in which it ordered a distribution of the assets and debts of the parties and awarded primary custody of the parties' minor child to Mrs. Navarette–Montoya.[1]   The district court awarded the marital home, including all equity, to Mrs. Navarette–Montoya subject to the outstanding mortgage.[2]   This appeal followed.

## STANDARD OF REVIEW

■■■   We review the district court's disposition of marital property under an abuse of discretion standard.   This Court has firmly established that the disposition of marital property in a divorce is within the district court's sound discretion. Therefore, we give considerable deference to the district court's findings, and we will not disturb the result absent a showing that the district court clearly abused its discretion.   In determining whether the district court abused its discretion, we ask whether the district court reasonably could have concluded as it did.   In answering that question, we consider only the evidence of the successful party and grant to that party every favorable inference that can be drawn from the record.

---

1.   Two children were born as issue of the marriage.   One child was emancipated prior to entry of the divorce decree.

2.   Mrs. Navarette–Montoya also received all of her clothing, jewelry, personal papers, other personal property in her possession, and one vehicle.   She was ordered to assume the indebtedness for two credit cards, a signature loan, and the loan on the vehicle awarded to her.   Mr. Montoya was awarded all of his clothing, jewelry, personal papers, other personal property in his possession, two vehicles, a gun collection, tools and toolboxes.   He was ordered to assume the indebtedness for two credit cards and was ordered to pay child support.

*Welch v. Welch,* 2003 WY 168, ¶ 4, 81 P.3d 937, 938 (Wyo.2003) (internal citations omitted).

## DISCUSSION

[¶ 4] Mrs. Navarette–Montoya seeks dismissal of this appeal because Mr. Montoya's brief fails to set forth a statement of the issues as required by W.R.A.P. 7.01(d). "Failure to comply with our rules of appellate procedure is ground[s] for 'such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance.'" *Basolo v. Gose,* 994 P.2d 968, 969 (Wyo.2000); W.R.A.P. 1.03. We have previously refused to consider the contentions of a party who has failed to provide a statement of the issues. *See, e.g., Cline v. Safeco Ins. Companies,* 614 P.2d 1335, 1337 (Wyo.1980). In *Cline,* we explained:

> It is not our job to draw up a list of issues to frame appellant's argument. For this court to undertake this task would mean that we would run the risk of deciding the appeal on an issue with respect to which the appellee had not been notified and thus had inadequate defense opportunities.

*Id.* at 1337. Despite Mr. Montoya's failure to provide the required statement of issues, it is obvious that his sole claim of error concerns the distribution of the marital property. Mr. Montoya contends the district court abused its discretion by failing to award him one half of the equity in the marital home.[3] Because we have determined that Mrs. Navarette–Montoya had adequate notice of such issue, we decline to dismiss for failure to comply with W.R.A.P. 7.01(d).

[¶ 5] Mrs. Navarette–Montoya also seeks dismissal of the appeal because Mr. Montoya failed to supply a suitable record for our review. The record presented by

Mr. Montoya does not contain a transcript of the divorce proceedings or a statement of the evidence pursuant to W.R.A.P. 3.03.[4] It is Mr. Montoya's burden to supply this Court with a sufficient record so that a proper evaluation of the trial court's decision can be conducted. *Beeman v. Beeman,* 2005 WY 45, ¶ 10, 109 P.3d 548, 551 (Wyo.2005).

[¶ 6] Mr. Montoya acknowledges his failure to provide an adequate record, but claims he should be excused from compliance with W.R.A.P. 3.03. He contends that because Mrs. Navarette–Montoya retained new counsel for the appeal, a prepared statement of the evidence would be "somewhat ineffective." We find no merit in Mr. Montoya's contention that the appearance of new counsel for Mrs. Navarette–Montoya justified his failure to provide a proper statement of evidence. Mr. Montoya made no attempt to obtain a statement of the evidence. Additionally, W.R.A.P. 3.03 allows Mr. Montoya to prepare a statement of the evidence "from the best available means including appellant's recollection." If there is a dispute regarding the proposed statement of evidence, the issue will be resolved by the district court. *Id.* The appearance of new counsel for Mrs. Navarette–Montoya did not prevent Mr. Montoya from obtaining a judicially approved statement of evidence.

[¶ 7] In an effort to avoid the consequences of his failure to provide an evidentiary record, Mr. Montoya urges this Court to adopt "[a] change in the law, providing that when a judge has a hearing resulting in a Decree of Divorce for the parties, he must supply either a Statement of Facts or a Decision Letter." Mr. Montoya fails to provide any pertinent legal authority or cogent argument to support this novel approach and, therefore, we will not consider it further.

---

3. The parties valued the equity in the marital home at $86,000.

4. W.R.A.P. 3.03 states:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be served on appellee, who may serve objections or propose amendments within 15 days after service. The statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the trial court in the record on appeal.

*Odegard v. Odegard,* 2003 WY 67, ¶ 31, 69 P.3d 917, 926 (Wyo.2003).[5]

 [¶ 8] The inadequate record provided by Mr. Montoya severely limits our review. Absent a transcript or a statement of the evidence, we must presume the district court had a reasonable evidentiary basis for its decision. *Burt v. Burt,* 2002 WY 127, ¶ 7, 53 P.3d 101, 103 (Wyo.2002); *Welch,* ¶ 12. We have previously recognized that "[a] just and equitable distribution is as likely as not to be unequal. We evaluate whether the trial court's property division is . . . equitable from the perspective of the overall distribution of marital assets and liabilities rather than from a narrow focus on the effects of any particular disposition." *Sweat v. Sweat,* 2003 WY 82, ¶ 6, 72 P.3d 276, 278 (Wyo.2003). "An abuse of discretion occurs when the property disposition shocks the conscience of this court and appears to be so unfair and inequitable that reasonable people cannot abide it." *Stoker v. Stoker,* 2005 WY 39, ¶ 19, 109 P.3d 59, 64 (Wyo.2005). Based upon the record presented, we do not find an abuse of discretion in the district court's decision to award the equity in the marital home to Mrs. Navarette–Montoya.

 [¶ 9] Lastly, Mrs. Navarette–Montoya requests that we award sanctions pursuant to W.R.A.P. 10.05.[6] Sanctions are not typically available when an appeal challenges a district court's discretionary ruling. *Russell v. Russell,* 948 P.2d 1351, 1356 (Wyo. 1997). "However, we will award sanctions in those rare circumstances where an appeal lacks cogent argument, there is an absence of pertinent legal authority to support the issues, or there is a failure to adequately cite to the record." *Welch,* ¶ 13. In this case,

sanctions are appropriate. A statement of the issues was omitted from the brief in violation of W.R.A.P. 7.01(d) and a sufficient record was not provided to allow meaningful review of Mr. Montoya's claim of error. Mr. Montoya failed to support his claim of error with pertinent legal authority or cogent argument. Accordingly, we certify that there was no reasonable cause for appeal. Mrs. Navarette–Montoya's counsel shall submit a statement of costs and attorney's fees. Upon review, we will enter an order making an appropriate award of costs and fees to Mrs. Navarette–Montoya.

[¶ 10] Affirmed.

---

5. We note, however, that our current rules provide sufficient opportunity for a litigant to provide this Court with an adequate record. In addition to complying with W.R.A.P. 3.03, prior to trial Mr. Montoya could have requested a court reporter pursuant to U.R.D.C. 904. Additionally, prior to the introduction of any evidence, Mr. Montoya could have requested the entry of findings of fact pursuant to W.R.C.P. 52(a).

6. W.R.A.P. 10.05 provides:
If the judgment or appealable order is affirmed in a civil case, appellee shall recover

the cost for publication of the brief with the cost to be computed at the rate allowed by law for making the transcript of the evidence. If the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case. The amount for attorneys' fees shall not be less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00). The amount for damages to the appellee shall not exceed two thousand dollars ($2,000.00).