# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 105

APRIL TERM, A.D. 2013

September 13, 2013

JEFFREY BARNES and SHERRIE
BARNES,

Appellants
(Plaintiffs),

v.                                                                     S-13-0024

MELISSA COONEY, VAL
PENDLETON, and COLDWELL
BANKER COUNTRY ESTATES,

Appellees
(Defendants).

*Appeal from the District Court of Lincoln County*
*The Honorable Dennis L. Sanderson, Judge*

*Representing Appellants:*
William R. Fix, William R. Fix, P.C., Jackson, Wyoming.

*Representing Appellees:*
Matthew E. Turner, Mullikin, Larson & Swift LLC, Jackson, Wyoming.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**VOIGT, Justice.**

[¶1]    The appellants purchased a home in Lincoln County, Wyoming.  Dissatisfied with some aspects of the construction and purchase of the home, the appellants sued a development company, the building contractor, the real estate agency involved in the transaction, a real estate agent, and, eventually, the real estate broker.  The appellants alleged breach of contract, breach of express warranty, breach of the implied covenant of good faith and fair dealing, promissory estoppel, fraud in the inducement, professional malpractice, breach of fiduciary duty, and negligence.  The defendants, some of whom are now the appellees in this appeal, filed a Motion for Summary Judgment, which motion was granted by the district court.  This appeal followed.

[¶2]    We will summarily affirm the district court's ruling because the appellant's brief fails in all respects to meet the requirements of W.R.A.P. 7.01(e)(2) and (f).  The brief contains a statement of the standard of review, along with lengthy deposition excerpts.  Beyond that, however, it is void of any factual analysis, cogent legal argument, or citation to pertinent authority that might enlighten this Court as to how the appellants were damaged by any conduct of the appellees.[1]

[¶3]    In addition to summarily affirming the district court, this Court will also, pursuant to W.R.A.P. 10.05, certify that there exists no discernible cause for this appeal, and will impose costs and attorney's fees against the appellants, in favor of the appellees consistent with that rule.  The appellees shall file an appropriate certificate of costs and attorney's fees within fifteen days from the publication of this opinion.

[¶4]    The resolution of this case in this manner should come as no surprise.  This Court has a long history of rejecting deficient briefs and imposing sanctions where appropriate. *See e.g., Montoya v. Navarette-Montoya*, 2005 WY 161, ¶ 9, 125 P.3d 265, 269 (Wyo. 2005); *Welch v. Welch*, 2003 WY 168, ¶ 13, 81 P.3d 937, 940 (Wyo. 2003); *Kelley v. Watson*, 2003 WY 127, ¶¶ 4-5, 77 P.3d 691, 692 (Wyo. 2003); *Baker v. Reed*, 965 P.2d 1153, 1154-55 (Wyo. 1998); *State ex rel. Reece v. Wyo. State Bd. of Outfitters & Professional Guides*, 931 P.2d 958, 959 (Wyo. 1997).

[¶5]    Affirmed.

---

[1] The real estate company, broker, and agent are the appellees.

1