FOX, Justice.
[¶1] Frank A. Deede challenges an order denying his motion to reduce the amount he owes his ex-wife, Kerry E. Wallace, pursuant to the terms of their divorce settlement agreement and the district court's subsequent contempt orders. We affirm and award sanctions.
ISSUES
[¶2] 1. Did the district court abuse its discretion when it denied Mr. Deede's motion to modify amount due, which was based on Mr. Deede's allegation that some of the underlying debt was forgiven?
2. Is Ms. Wallace entitled to an award of attorney fees and costs under W.R.A.P. 10.05 ?
FACTS
[¶3] Mr. Deede and Ms. Wallace were married on July 5, 1998, and divorced on March 26, 2009. During their marriage, they purchased real estate known as the Longpoint property. They financed their $25,000 down payment on the property with a Bank of America credit card. The terms of their divorce settlement awarded Mr. Deede the Longpoint property and required him to pay several debts, including the balance on the Bank of America credit card, by June 1, 2009. Mr. Deede failed to make those payments; the district court found him in contempt and ordered that he be jailed unless he made arrangements to pay the debt. Instead of making such arrangements, Mr. Deede filed for bankruptcy. Because no payments were made on the Bank of America credit card, the account went into default, and Bank of America threatened collection against Ms. Wallace. Ms. Wallace made several payments and then her father settled the debt. Ms. Wallace later repaid her father. Ms. Wallace filed a Proof of Claim with the bankruptcy court in the amount of $51,282.62, which was based upon payments that Mr. Deede owed under the terms of the divorce settlement, payments Ms. Wallace had made on the debt, and her attorney fees. Ms. Wallace received a distribution of $9,659.29 from the bankruptcy trustee on August 1, 2016.
[¶4] In November 2016, Ms. Wallace filed another request to hold Mr. Deede in contempt because the remainder of his debt to her was not discharged in bankruptcy and Mr. Deede had not complied with the terms of the divorce settlement or the prior contempt order. With additional attorney fees incurred from the bankruptcy and second contempt proceedings, the outstanding balance claimed by Ms. Wallace was $52,157.83. In February 2017, the district court found Mr. Deede in contempt and ordered him to begin serving a 90-day jail term in March 2017, unless he purged his contempt. The court awarded Ms. Wallace a judgment of $41,623.33, plus interest and attorney fees in the amount of $1,595.00. In April 2017, Mr. Deede was jailed for failing to comply with the contempt order. After serving 8 days, Mr. Deede's jail sentence was suspended, and in August 2017, the district court entered an order requiring Mr. Deede to pay Ms. Wallace $56,055.41 on or before October 2, 2017, or serve the remaining 82 days of his suspended jail sentence.
[¶5] Mr. Deede filed a motion to stay his jail sentence and to modify the amount due. He argued that he should be credited for $27,782.91 because, he alleged, Bank of America cancelled that amount of debt when Ms. Wallace's father settled with it. Bank of America issued a Form 1099-C, indicating debt forgiveness in the amount of $27,782.91.
*942 Ms. Wallace contended that the amount forgiven was interest that had accrued after the account went into default. Mr. Deede argued that the amount could not have been for interest only and that Bank of America had to have forgiven some of the debt because it was not mathematically possible to have generated over $27,000 in interest on a $25,000 charge. After an unrecorded hearing, on October 24, 2017, the district court denied Mr. Deede's motion, finding that Mr. Deede had failed to prove that the amount due was incorrect or that he "should otherwise be given a credit against the Bank of America debt." Also on October 24, the court entered an order releasing Mr. Deede from jail, recognizing that he paid $26,000.00 to Ms. Wallace, and ordering him to pay the outstanding $30,315.41 (which included $860.00 in interest that had accrued since the August order), plus interest at the statutory rate of 10%, or $8.30 per day. Mr. Deede appealed the October 24 order that denied his motion to modify the amount due, but did not appeal the order of the same date requiring him to pay the outstanding balance.
DISCUSSION
[¶6] Mr. Deede argues that the district court abused its discretion when it found that the most plausible explanation for the Form 1099-C debt forgiveness was that it included retroactive interest only. He contends that such an amount forgiven would not be mathematically correct, and he claims that the Bank of America debt forgiven on the 1099-C should be set off from the amount he owes Ms. Wallace. Ms. Wallace responds that the record shows Bank of America charged 24.99% interest retroactive to the date the property was purchased (not from the date of default as Mr. Deede claims) and that Mr. Deede should not receive any credit for her father's efforts to settle the debt owed to Bank of America. Ms. Wallace also asserts that because Mr. Deede's brief lacks cogent argument and citation to pertinent authority, this Court should certify no reasonable cause for this appeal and award her attorney fees pursuant to W.R.A.P. 10.05. We first address the issue of whether the district court abused its discretion in calculating the amount Mr. Deede owed to Ms. Wallace.
I. Did the district court abuse its discretion when it denied Mr. Deede's motion to modify amount due, which was based on Mr. Deede's allegation that some of the underlying debt was forgiven?
[¶7] "Wyoming law does not favor double recoveries for the same legal injury." Dorr v. Smith, Keller & Assocs. , 2010 WY 120, ¶ 23, 238 P.3d 549, 554 (Wyo. 2010) (citations omitted). "A judgment debtor is, therefore, entitled to credit against a judgment for a settlement that pertains to claims included in the judgment, but is not entitled to credit for settlement of claims that were not part of the judgment." Id . The party asserting satisfaction of a judgment, Mr. Deede in this case, has the burden of proof. Id . Further, the "decision about whether a credit against an outstanding judgment should be allowed is 'controlled by principles of equity,' " and the district court has the discretion in determining whether to allow a set-off. Id. at ¶ 24, 238 P.3d at 555 (quoting Ultra Res., Inc. v. Hartman , 2010 WY 36, ¶ 145, 226 P.3d 889, 934 (Wyo. 2010) ). We therefore review a district court's decision on a request for a set-off for an abuse of discretion. Id . ; Ultra Res ., ¶ 145, 226 P.3d at 934. "In determining whether the district court abused its discretion, we ask whether the district court reasonably could have concluded as it did." Welch v. Welch , 2003 WY 168, ¶ 4, 81 P.3d 937, 938 (Wyo. 2003).
[¶8] We find no abuse of discretion. The district court held an unrecorded evidentiary hearing on the issue. Ms. Wallace submitted a statement of the evidence to this Court pursuant to W.R.A.P. 3.03.[1] That evidence *943 shows that in the divorce settlement agreement Mr. Deede agreed to pay off the Bank of America credit card before June 1, 2009. In addition, in the March 2009 Judgment and Decree of Divorce, the district court ordered him to make that payment. Mr. Deede violated the divorce settlement terms and the district court's order, and the account went into default, triggering a retroactive 24.99% interest to be charged from the original date of the $25,000 charge. Ms. Wallace's father settled the debt with Bank of America and Ms. Wallace repaid him. The record does not contain the date the Longpoint property was purchased, nor does it contain the date the parties made the $25,000 charge for the down payment on the Bank of America credit card.[2] Accordingly, it is impossible to determine the amount of interest that became due once the account was in default or the basis for any debt forgiveness from Bank of America. Based upon the evidence in the record, we conclude that the district court did not abuse its discretion when it held that Mr. Deede had not established that he should be given credit against the Bank of America debt.
[¶9] Further, the district court had "the inherent power to allow or compel an equitable set-off." Cargill, Inc. v. Mountain Cement Co. , 891 P.2d 57, 67 (Wyo. 1995). Here, the district court did not abuse its discretion in denying Mr. Deede's request for the set-off, as the equities favor Ms. Wallace. Ms. Wallace and her father expended the time and resources to settle the debt with Bank of America after Mr. Deede was ordered to pay it off. And, as the district court emphasized in its September 29, 2017 order,
the contested Bank of America sums aside, [Mr. Deede] does not indicate, or even mention, what payments he has made ... to pay the remaining balance. ... So far as the Court is advised, [Mr. Deede] has done nothing and paid nothing to [Ms. Wallace] pursuant to the [August 29, 2017 order], and remains in violation of this Court's order.
In fact, as a consequence of his ongoing refusal to pay, Mr. Deede has been found twice in contempt of court and incarcerated both times. Other than the amount paid to Ms. Wallace in the bankruptcy proceeding, Mr. Deede had not paid Ms. Wallace anything in over eight and a half years-from the time of their divorce until some time in October 2017.[3] Accordingly, the district court was acting well within its equitable power and sound discretion when it denied Mr. Deede's motion to modify amount due.
II. Is Ms. Wallace entitled to an award of attorney fees and costs under W.R.A.P. 10.05 ?
[¶10] We next consider Ms. Wallace's request that this Court certify no reasonable cause for this appeal and award her attorney fees pursuant to W.R.A.P. 10.05. Rule 10.05 provides that "[i]f the court certifies ... there was no reasonable cause for the appeal, a reasonable amount of attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case." Such "sanctions are generally not available for challenges to discretionary rulings, unless 'an appeal lacks cogent argument, there is an absence of pertinent legal authority to support the issues, or there is a failure to adequately cite to the record.' " Carbaugh v. Nichols , 2014 WY 2, ¶ 23, 315 P.3d 1175, 1180 (Wyo. 2014) (quoting Welch , 2003 WY 168, ¶ 13, 81 P.3d at 940 ); see also *944 Orcutt v. Shober Invs., Inc. , 2003 WY 60, ¶ 13, 69 P.3d 386, 390 (Wyo. 2003) ; Barnes v. Barnes , 998 P.2d 942, 946 (Wyo. 2000) ; Stone v. Stone , 7 P.3d 887, 890-91 (Wyo. 2000) ; Baker v. Reed , 965 P.2d 1153, 1154-55 (Wyo. 1998).
[¶11] Ms. Wallace asserts that because Mr. Deede's brief lacks cogent argument and citation to pertinent authority, this Court should award her "attorney fees and damages per W.R.A.P. 10.05." Our review of Mr. Deede's brief reveals merit in Ms. Wallace's assertion. Mr. Deede's brief is four pages in length. In those four pages, Mr. Deede cites two cases, Hoffman v. Hoffman , 2004 WY 68, 91 P.3d 922, 925 (Wyo. 2004) (citing Metz v. Metz , 2003 WY 3, 61 P.3d 383 (Wyo. 2003) ) and Basolo v. Basolo , 907 P.2d 348, 353 (Wyo. 1995) (citing Combs v. Sherry-Combs , 865 P.2d 50, 55 (Wyo. 1993) ), both of which pertain to the abuse of discretion standard of review, and not the substantive question of the availability of a set-off. In the single-page argument section of his brief (which includes a large heading and two-paragraph standard of review), Mr. Deede's entire argument consists of three sentences:
As set forth above, a Hearing was held wherein the Trial Court found that the most plausible explanation for the forgiveness of debt is that the forgiveness was for retroactive interest in an amount that is mathematically impossible to ascertain.
Further, the Court did not seem to consider that [Ms. Wallace] produced June and July, 2009 statements, showing a balance due, but produced no statement from August, 2009, which was conveniently perfect for [Ms. Wallace's] argument. This is clearly an abuse of discretion.
Mr. Deede does not otherwise elaborate or explain the "mathematical impossibility," why a "mathematical impossibility" that the forgiven debt was principle means he should be credited, or how he met his burden to establish he was entitled to a set-off. Mr. Deede fails to present a cogent argument, fails to cite to pertinent authority, and refers to facts that are not contained in the record. Accordingly, though we are generally reluctant to do so, we certify that there was no reasonable cause for Mr. Deede's appeal. Ms. Wallace shall submit a statement of costs and attorney fees to this Court. Upon review, an appropriate award of costs and fees will be ordered.
CONCLUSION
[¶12] The district court did not abuse its discretion when it concluded that Mr. Deede must pay Ms. Wallace the entire amount of the debt owed to Bank of America, with no set-off for debt that may have been forgiven on the account. Because Mr. Deede fails to present a cogent argument on appeal, we grant Ms. Wallace's request for fees and costs under W.R.A.P. 10.05.

W.R.A.P. 3.03 provides that
[i]f no report of the evidence or proceedings at a hearing or trial was made, ..., appellant may prepare a statement of the evidence or proceedings from the best available means including the appellant's recollection.
The rule allows an appellee to propose amendments to the appellant's statement of the evidence and requires the trial court to approve the statement of the evidence. Here, Mr. Deede did not file a W.R.A.P. 3.03 statement, but Ms. Wallace did. The district court approved her statement.

In his brief, Mr. Deede claims that the parties purchased the Longpoint property in 2007; however, he provides no citation to the record. After a thorough review of the record, we find no documents supporting this alleged fact, and we are therefore unable to rely upon that evidence. See In re Guardianship of Bratton , 2015 WY 157, ¶ 25, 364 P.3d 858, 863 (Wyo. 2015) ; Sanchez v. State , 2006 WY 12, ¶ 5 n.2, 126 P.3d 897, 900 n.2 (Wyo. 2006) ; Bixler v. Oro Mgmt., L.L.C. , 2006 WY 140, ¶ 9, 145 P.3d 1260, 1262 (Wyo. 2006) ; Thomas v. Gonzelas , 79 Wyo. 111, 120, 331 P.2d 832, 835 (Wyo. 1958).

On September 29, 2017, the district court noted that Mr. Deede had not paid anything to Ms. Wallace. The district court recognized that "[Mr. Deede] contends he has paid $26,000.00 to [Ms. Wallace]" in its October 24, 2017 order requiring Mr. Deede to pay the remaining amount. We therefore assume that Mr. Deede made a $26,000.00 payment in the intervening days.