**James M. LANTZ, Appellant (Petitioner),**

v.

**Linda S. BOWMAN, f/k/a Linda S. Lantz, Appellee (Respondent).**

No. 93–252.

Supreme Court of Wyoming.

Sept. 30, 1994.

Sky D. Phifer of Phifer Law Office, Lander, for appellant.

John T. Pappas of Western Law Associates, P.C., Lander, for appellee.

Wesley A. Roberts of Wesley A. Roberts, P.C., Riverton, Guardian Ad Litem.

Before GOLDEN, C.J., THOMAS, MACY and TAYLOR, JJ., and CARDINE, J. (Retired).

MACY, Justice.

Appellant James M. Lantz appeals from the district court's order which set aside an entry of default against Appellee Linda S. Bowman.

We affirm.

## ISSUE

Lantz states the issue on appeal as follows:

1. Did the trial [c]ourt abuse it[ ]s discretion in setting aside the Entry of Default entered against Respondent?

## FACTS

Lantz and Bowman divorced in New Mexico in 1986, and Bowman received primary custody of the parties' minor children. Lantz filed a petition in the Wyoming district court on August 18, 1993, to change custody, time sharing, and child support. When Lantz filed his petition, the children were visiting him for the summer at his home in New Mexico. Lantz alleged in his petition that a substantial change in circumstances had occurred which materially affected the welfare of the children and which justified custody being awarded to him. Specifically, Lantz alleged that the children had been subjected to unstable living conditions and had been continually abused while they were living with Bowman and her husband.

The district court awarded temporary custody to Lantz on August 20, 1993, and set a hearing date for September 3, 1993, to consider Lantz's motion for a temporary restraining order and an injunction to prevent the return of the children to Bowman.

Bowman was served with the petition and a summons on August 21, 1993. She immediately retained counsel, who filed an entry of appearance on August 24, 1993. The district court determined that another custody proceeding regarding the parties' minor children was pending in New Mexico. The New Mexico district court and the Wyoming district court agreed to exercise concurrent jurisdiction over the matter. The New Mexico district court ordered Lantz to return the children to Bowman. After conferring with counsel on August 26, 1993, the Wyoming district court entered a revised order for temporary custody which directed that Bowman would retain custody of the children pending the disposition hearing which had been rescheduled from September 3, 1993, to September 28, 1993. The Wyoming district court appointed a guardian ad litem to represent the children.

On September 17, 1993, upon a motion presented by Lantz, the clerk of the Wyo-

ming district court entered a default against Bowman because Bowman had not filed an answer to Lantz's petition. Bowman sought to have the default set aside or, in the alternative, to have the Wyoming district court hold a hearing prior to entering a default judgment.

At the disposition hearing which was held on September 28, 1993, the issue of setting aside the entry of default was the first matter which the district court considered. At the hearing, Bowman asserted that the district court should set aside the entry of default because, even if an answer were required, under the circumstances of the case, the answer would be surplusage as the issues had been joined in prior proceedings. Bowman maintained that custody of the children was a matter which did not lend itself to disposition by default since the district court must consider all the relevant evidence when it is determining what is in the best interests of the children.

The Wyoming district court set aside the entry of default and directed Bowman to file an answer. Bowman filed her answer later that day. After considering the merits of the case and not finding any credible evidence of child abuse, the Wyoming district court continued custody in Bowman.

### DISCUSSION

 Lantz contends that the Wyoming district court erred by setting aside the entry of default against Bowman. The district court did not err. W.R.C.P. 55 pertains to default situations. That rule provides in pertinent part:

> (a) *Entry.*—When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> . . . .
>
> (c) *Setting aside default.*—For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

 A default may be entered against a party only when that party has failed to plead or otherwise defend in the action. *First Southwestern Financial Services v. Laird,* No. 93–283, slip op. at 3, —— P.2d ——, at —— (Wyo. Sept. 30, 1994). In this case, the issues were clearly joined when, at the August 26, 1993, conference, Bowman generally denied the allegations presented by Lantz in his petition.

The district court acted properly when it set aside the entry of default for "good cause shown" under W.R.C.P. 55(c). The three factors which are applied to determine whether a motion made under W.R.C.P. 60(b) should be granted may also be applied to determine whether the "good cause" standard of W.R.C.P. 55(c) has been met. *Vanasse v. Ramsay,* 847 P.2d 993, 998 (Wyo. 1993); 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 55.10[2] (1985). Under the three-factor test, we consider:

> " '1. Whether the plaintiff will be prejudiced; 2. Whether the defendant has a meritorious defense; and 3. Whether culpable conduct of the defendant led to the default.' "
>
> *Carlson [v. Carlson],* 836 P.2d [297,] 301–02 [ (Wyo.1992) ] (quoting *Amernational Indus., Inc. v. Action–Tungsram, Inc.,* 925 F.2d 970, 976 (6th Cir.1991)).

*Vanasse,* 847 P.2d at 998 (Wyo.1993), *quoted in First Southwestern Financial Services,* No. 93–283, slip op. at 5, —— P.2d at ——.

Lantz was not prejudiced when the district court set aside the entry of default. He was aware, as a result of the August 26, 1993, conference, that Bowman generally denied the allegations contained in his petition. Both parties agreed that an investigation concerning the allegations of child abuse needed to be completed before the district court acted on Lantz's petition.

Bowman obviously had a meritorious defense. She categorically denied the allegations asserted by Lantz in his petition, and she eventually prevailed at the hearing on the merits of the case. Finally, Bowman did not engage in any culpable conduct. While willful neglect or intentional failure to answer

may, even in child custody proceedings, justify the entry of a default, here we have not been given even so much as a suggestion that Bowman's failure to answer was the result of neglect or intentional indifference. *See Lake v. Lake,* 63 Wyo. 375, 182 P.2d 824 (1947) (per curiam); *see also Spitzer v. Spitzer,* 777 P.2d 587, 590–94 (Wyo.1989); *Owens v. Owens,* 626 So.2d 640 (Ala.Civ.App.1993). Under the circumstances presented in this case, the district court had no real alternative other than to set aside the entry of default.

## CONCLUSION

The district court did not err when it set aside the entry of default and conducted a disposition hearing.

Affirmed.