**John E. ESQUIBEL, Appellant (Defendant),**

v.

**Stacey E. ESQUIBEL, Appellee (Plaintiff).**

No. 95–253.

Supreme Court of Wyoming.

June 3, 1996.

Vance Countryman of Hooper Law Offices, Riverton, for Appellant.

Nyla A. Murphy, Laramie, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

We review an order of the district court granting a default decree of divorce. Appellant John E. Esquibel (Father) contends the district court erred in excluding the provisions of the parties' stipulation providing for visitation. Appellee Stacey E. Esquibel (Mother) contends that determination is within the sound discretion of the district court and the district court did not abuse its discretion.

We reverse that portion of the divorce decree providing for visitation.

Mother filed a complaint for divorce. Father answered and counterclaimed. On March 15, 1995, Mother petitioned for, and the district court issued, a temporary restraining order to protect the marital estate, to prevent the parties from annoying or harassing the other, and to prevent the removal of the child from the state without permission of both parties and the court. On July 13, 1995, Mother filed an affidavit advising of a phone call wherein Father threatened to take the parties' infant child, with Mother never again to see him or the child, and stating Mother's belief that Father was threatening to kill the child. On that same date, the district court entered a second ex parte temporary restraining order, again ordering the parties not to remove the child from the state without permission of the other and the district court.

On July 19, 1995, Father withdrew his answer and counterclaim, gave notice of the settlement agreement and consented to a default hearing, incorporating the parties' child custody and property settlement agreement. The agreement provided that Mother would have primary care, custody and control of the child and provided for detailed access to records and structured visitation for Father. In all, the settlement was 11 pages long.

On August 23, 1995, the district court entered its default judgment and decree of divorce. The trial court did not approve the provisions of the settlement pertaining to visitation but instead provided:

VISITATION shall be only reasonable visitation. Reasonable visitation does not include any threats regarding visitation. The Defendant [husband] is not permitted to remove the minor child from the jurisdiction of this Court, without the prior written consent of both parties or the permission of the Court, and the child shall be returned to the Plaintiff [wife] after each visitation. Visitation shall be only that which is in the best interests of the minor child.

Father filed a motion for hearing and objection to the modification of the visitation provisions of the settlement on August 25, 1995. A Motion to Set Aside Default Judgment and second objection was filed on August 28, 1995, which included an assertion that Father was not given the benefit of approving the decree as provided in W.R.C.P. 58. Father asked that his motions be set for hearing. Mother filed a traverse on August 29, 1995. No action was taken on Father's motions, and a notice of appeal was filed September 21, 1995.

### Stipulation Involving Child Custody and Visitation

▪ It is well settled that the district court is not bound to accept a stipulation of the parties and that the court's major consideration in determining custody of minor children is the welfare of those children. *Forbes v. Forbes*, 672 P.2d 428, 429 (Wyo.1983). Though a trial court need not conduct an evidentiary hearing to determine the best interests of a child if that is stipulated to by the parties, *Luhman v. Beecher*, 144 Wis.2d 781, 424 N.W.2d 753, 755 (App.1988), in instances of modification of visitation, such modification must be based upon evidence conspicuous in the record. *Wolfe v. Wolfe*, 899 P.2d 46, 48 (Wyo.1995). *See also Barbour v. Barbour*, 146 Vt. 506, 505 A.2d 1217, 1219 (1986) (since facts essential to the disposition of the custody issue had not been stated, that portion of the order dealing with custody reversed and remanded); *Lautenschlager v. Lautenschlager*, 201 Neb. 741, 272

N.W.2d 40, 42 (1978) (where court does not approve stipulation, opportunity should be given to parties to secure and present evidence regarding custody and bests interests of the child).

■ In our statement of the facts, we have set out the record extant in this case in detail. The record includes Mother's affidavit in support of a restraining order and the issuance of mutual orders of restraint, followed by a stipulation and subsequent decree which amended the stipulation. There exists no evidence to suggest a general visitation provision, as included in the decree, is more conducive to the child's welfare than the specific provision included in the settlement agreement. The lack of evidence is the result of an unreported hearing without Father's presence.

### Default Judgments Involving Child Custody and Visitation

■ In this action Father agreed to a default judgment based upon the stipulation the parties executed and presented to the court. While default judgments are appropriate in some instances involving child custody and visitation, the best interests of the child may not necessarily be served by the strictest application of the default provisions. In *Lake v. Lake*, 63 Wyo. 375, 182 P.2d 824 (1947), a default judgment was entered in a divorce proceeding where custody of the couple's minor child was at issue. This court reversed the entry of default, not because default was unavailable under the circumstances, but rather because the father had shown "good cause." Likewise, in *Lantz v. Bowman*, 881 P.2d 1079 (Wyo.1994), the mother failed to file an answer within the required time frame and default was entered against her. The district court set aside the entry of default for "good cause" since the mother had appeared and generally denied the allegations asserted by the father in his petition. We affirmed the actions of the district court and said:

> While willful neglect or intentional failure to answer may, even in child custody proceedings, justify the entry of default, here we have not been given even so much as a suggestion that [the mother's] failure to answer was the result of neglect or intentional indifference.

*Id.*, at 1081–82. *See Vanasse v. Ramsay*, 847 P.2d 993, 998 (Wyo.1993) (good cause determination standard).

■ The development of cases in Wyoming recognizes that a willful neglect or intentional failure to answer may result in default judgments in custody cases. However, when the parties do not intentionally ignore the process involving the future of their child, default is not favored when the issue of child custody or visitation is before the court. In this instance, we are unable to find that Father willfully neglected or intentionally failed to appear. His pleadings were timely, and he agreed to the default based only upon the court's adoption of the stipulation. His objection to the decree entered was to assertions made in Mother's affidavit in support of a restraining order. Upon these facts, we find Father has good cause in setting aside the default judgment as it relates to visitation.

The order of the district court is reversed as to its provisions for visitation and is otherwise affirmed in all respects. Remanded for further proceedings consistent with this opinion.