*741
OPINION

JONES, JUDGE:
This is a child custody action arising out Fayette Family Court. The family court awarded permanent sole custody to the Appellee, R.J.G. (“Father”). The Appellant, S.E.A. (“Mother”), argues that the trial court erred because it did not conduct an evidentiary hearing and based its factual findings almost exclusively on a written report filed by the guardian ad litem (“GAL”) whom Mother was never allowed to question.
Upon review, we conclude that the trial court should have conducted an evidentia-ry hearing at which both parties were provided an opportunity to present testimony. Moreover, the trial court’s reliance on the GAL’s report was improper as explained by our Supreme Court in Morgan v. Getter, 441 S.W.3d 94 (Ky. 2014). Accordingly, we VACATE the trial court’s orders and REMAND with instructions to conduct a full evidentiary hearing and make findings pursuant to KRS[1] 403.270(2) based on the evidence presented.
I.Factual and Procedural Background
This consolidated appeal arises out of two separate, but related, actions concerning the parties’ minor child, A.A. While the procedural history of this matter is somewhat difficult to tease apart, the facts most relevant to the issues at hand are relatively straightforward.
The first matter, a Dependency, Neglect, and Abuse action (“DNA”), was commenced by the Cabinet for Health and Family Services on November 7, 2013. At this time, the child was living with Mother.[2] Father, who resided in Connecticut, came to Lexington, Kentucky, to take part in the action. On November 13, 2013, the family court conducted a temporary removal hearing. Prior to the hearing, the family court appointed a GAL to represent child. After the hearing, the family court determined that the child qualified as a dependent, abused or neglected child and must temporarily be removed from Mother’s custody.
Shortly after the Cabinet filed the DNA Action, Father commenced a separate action seeking a declaration of paternity, permanent sole custody, and timesharing (“Custody Action”). The trial court conducted a preliminary custody hearing on November 15, 2013, at which time Mother agreed to stipulate that the child was a dependent child for the purposes of temporary custody.
On December 20, 2013, the family court conducted a full disposition hearing in the DNA Action.[3] The hearing lasted three hours and the court allowed each party to present their respective cases.[4] Thereafter, the family court determined that the child should remain in Father’s temporary custody with Father being allowed to return to Connecticut with the child. The trial court further stated that the DNA action would not be closed and the Cabinet was to develop a plan for Mother to complete. The trial court also ordered the GAL to file an additional report with the *742 Court. The court also ordered that the Mother’s timesharing would be determined in the Custody Action.
The GAL filed her report on January 29, 2014. On January 30, 2014, the family-court entered an'order of temporary removal from Mother and granted Father sole custody of child. In so doing, the family court noted that no-further orders would be entered in the DNA action and that all subsequent orders would be entered in the Custody Action: It then appointed the GAL to represent the child in the Custody Action.
For the next several months, the parties engaged in discovery in anticipation of a final custody hearing on July 11, 2014. Prior to that date, Mother relocated to Connecticut and Father commenced a custody action there as well.[5] After having been advised of the Connecticut action, the trial court canceled the July 11, 2014 hearing. However, on July 25, 2014, Father filed a motion for permanent custody in both the Custody Action and DNA Action. Mother filed timely responses to both actions, arguing that an award of custody would be inappropriate because no evidence had been taken and the court could not consider the statutory criteria under KRS 403:207(2), or make the required Findings of Fact and Conclusions of Law.
Without conducting an evidentiary hearing or receiving any deposition testimony, the family court- granted Father’s motion and entered an order in the DNA action only. Mother -timely filed a- Motion to Vacate the July 31, 2014 Order, or in the Alternative, to Enter more Specific Findings. The court scheduled a review hearing on August 14, 2014, and required the GAL to file another report on August 25, 2014. The report was filed in the Custody Action. On September 17, 2014, the family court entered its Findings of Fact, Conclusions of Law and Order in the Custody Action. No final custody hearing preceded entry of this order and the findings are based almost exclusively on the GAL’s reports.
This appeal followed.
' II. STANDARD OF REVIEW
Our appellate review of a custody matter requires a two step analysis. First, we review a trial court’s findings of fact under an abuse of discretion standard, only disturbing such findings when they are clearly erroneous. A judgment is not “clearly erroneous” if it is “supported by substantial evidence.” Owens-Corning Fiberglas Corp. v. Golightly, 976 S.W.2d 409, 414 (Ky. 1998). Substantial evidence is “evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men.” Id. Second, we examine the trial court’s application of the law de novo. Heltsley v. Frogge, 350 S.W.3d 807, 808 (Ky. App. 2011).
At all times, we must keep in mind that “[t]he test is not whether the appellate court would have decided it differently, but whether the findings of the family court are clearly erroneous, whether it applied the correct law, or whether it abused its discretion.”, Coffman v. Rankin, 260 S.W.3d 767, 770 (Ky. 2008) (quoting B.C. v. B.T., 182 S.W.3d 213, 219-20 (Ky. App. 2005)).
III. Analysis
The role of a GAL and a friend of the court are quite different. A GAL *743 functions as an attorney advocating for a party and a friend of the court advises the court. In Morgan, the Kentucky Supreme Court clarified the roles of each in relation to custody proceedings:
[T]he guardian ad litem should not be confused with the de facto friend of the court. Whereas the friend of the court investigates, reports, and makes custodial recommendations on behalf of the court, and is subject to cross-examination, the guardian ad litem is a lawyer for the child, counseling the child and representing him or her in the course of proceedings by, among other things, engaging in discovery, in motion practice, and in presentation of the case at the final hearing. The guardian ad litem neither testifies (by filing a report or otherwise) nor is subject to cross-examination.
Morgan, 441 S.W.3d at 119. Additionally, the Court concluded, however, that if a trial court relies on a GAL report, due process demands that the other parties must be afforded an opportunity to question/cross-examine the GAL. Id.
The family court canceled the previously scheduled hearing because Mother indicated that she would not be present at the hearing. However, after father filed his motion for permanent custody, the trial court ordered the GAL to file another report. Before even allowing time for a response, the trial court granted Father permanent custody. Moreover, it is clear from the family court’s September 2014 findings of fact that the court relied almost exclusively on the GAL’s various reports. At no time throughout any of the proceedings was Mother provided with an opportunity to cross-examine the GAL-
Even if Mother was not going to appear in person at the custody hearing, the trial court had an obligation to conduct a hearing. Even in a situation in which a party is in default, no custody determination can be made absent an evidentiary hearing to determine the child’s best interests. See Crews v. Shofner, 425 S.W.3d 906 (Ky. App. 2014).
Father references the “three hour evi-dentiary hearing” held in the DNA action on December 20, 2013. We do.not believe this hearing can serve as the basis for the trial court’s later findings. First, this hearing pre-dated two of the GAL reports the trial court relied upon in its findings. It, also pre-dated a report filed .by the Cabinet-in February 2014 and a May 2014 psychiatric evaluation of Mother, both of which' the family court, referenced in its order. Mother’s due process rights to cross-examine the GAL as part of a permanent custody determination cannot be satisfied based on a temporary custody hearing some six months prior.
Having determined that a full evidentia-ry hearing is a necessary pre-requisite to the entry of a permanent custody order we conclude that the court abused its discretion. While it may very well be determined on remand that the child’s best interest and’the statutory factors compel a ruling in Father’s favor, such a determination cannot be made absent an evidentiary hearing which comports with due process.
IV. Conclusion
Based on the forgoing, the family court’s orders awarding Father permanent custody are VACATED and this action REMANDED to the trial court for- further proceedings consistent with this Opinion.
ALL CONCUR.

. Kentucky Revised Statutes.

. The Dependency, Neglect, and Abuse action was filed based on concerns about Child’s truancy, but the Cabinet’s investigation revealed evidence of an unsuitable living environment as well as serious concerns about the Mother’s mental health.

. The GAL filed a report with the trial court prior to the hearing.

. However this hearing was held for the purpose of temporary, not permanent custody.

. The record contains no additional information concerning the status of the Connecticut action.