RENDERED:  OCTOBER 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0398-ME

Z.R.[1]                                                                                    APPELLANT

APPEAL FROM BULLITT CIRCUIT COURT
v.        HONORABLE MONICA K. MEREDITH, JUDGE
ACTION NO. 24-J-00002-001

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; C.J.; C.R., A
MINOR CHILD; AND S.A.                                             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND MOYNAHAN,
JUDGES.

THOMPSON, CHIEF JUDGE:  Z.R.[1] (Appellant) appeals from an order of the

Bullitt Circuit Court, Family Court Division granting permanent custody of his

child, C.R. (Child), to Child's maternal grandparents, L.Y. and A.Y.

---

[1] We will use the initials of the parties, the child, and the grandparents because the underlying action involves a minor child and allegations of child abuse.

(Grandparents).  Appellant argues that the Family Court erred in finding that the Commonwealth of Kentucky, Cabinet for Health and Family Services (the Cabinet) met its duty to make reasonable efforts to provide reunification services to him.  He also argues that the court erred in determining that the grandparents are *de facto* custodians.  After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On January 2, 2024, the Cabinet filed a juvenile dependency/neglect or abuse (DNA) petition alleging that Child had been physically abused by his mother, S.A. (Mother), and/or her paramour C.J.  Specifically, it was alleged that the Cabinet received information from Norton Women's and Children's Hospital in Louisville, Kentucky, that Child exhibited signs of physical abuse including severe bruising and abrasions.  The petition incorrectly stated that C.J. was Child's father.  Mother, C.J., and Child resided in Bullitt County, Kentucky.  Appellant is the biological father of Child, who at all relevant times resided in Florida where Child was born.

The Bullitt Family Court entered an emergency custody order on January 2, 2024, placing Child with the Cabinet.  The Cabinet, in turn, placed Child with Grandparents as temporary caregivers.  On January 11, 2024, the court conducted a temporary removal hearing, at which time the Cabinet moved to

amend the petition to include Appellant as a party for the purpose of establishing dependency. The court orally granted the motion, and the Cabinet filed an amended petition removing the reference to C.R. and designating Appellant as Child's father.

Thereafter, Appellant stipulated as to dependency. The Cabinet then sought to facilitate reunification services for Appellant in Florida. These efforts were not successful, as Florida authorities would not provide reunification services because Child did not reside in Florida. The Cabinet told Appellant it would provide reunification services in Kentucky, but Appellant remained in Florida.

The matter moved through adjudication and disposition in Bullitt Family Court in the summer of 2024. On October 9, 2024, the Cabinet moved to award permanent custody of Child to Grandparents. A hearing on the motion was conducted, at which time the court learned that Appellant had filed a custody action in Florida as to Child. The court determined that the Florida action had been dismissed. On February 20, 2025, the court ruled that Grandparents, with whom Child had been residing, were *de facto* custodians of Child. It further concluded that Grandparents' permanent custody of Child was in his best interest per Kentucky Revised Statutes (KRS) 403.270(2). The court entered the order awarding permanent custody in favor of Grandparents and this appeal followed.

## STANDARD OF REVIEW

Our appellate review of a custody matter requires a two step analysis. First, we review a trial court's findings of fact under an abuse of discretion standard, only disturbing such findings when they are clearly erroneous. A judgment is not clearly erroneous if it is supported by substantial evidence. Substantial evidence is evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men. Second, we examine the trial court's application of the law *de novo*.

At all times, we must keep in mind that the test is not whether the appellate court would have decided it differently, but whether the findings of the family court are clearly erroneous, whether it applied the correct law, or whether it abused its discretion.

*S.E.A. v. R.J.G.*, 470 S.W.3d 739, 742 (Ky. App. 2015) (internal quotation marks and citations omitted).

## ARGUMENTS AND ANALYSIS

Appellant, through counsel, argues that the Bullitt Family Court erred in granting permanent custody to Grandparents. He maintains that the family court erred in finding that the Cabinet met its duty to make reasonable efforts to provide reunification services to him and that this failure is inconsistent with Child's placement with a third party per KRS Chapter 600. Appellant argues that the Cabinet never made any allegations of bad conduct against him and that it was the Cabinet's duty, not that of Florida authorities, to provide reunification services to Appellant. Appellant also argues that the family court improperly found that

-4-

Grandparents were *de facto* custodians. Underlying these arguments is Appellant's contention that he was never made a party to the petition, as neither the Cabinet nor the family court memorialized his inclusion by way of an amended petition or court order designating Appellant as a party. He requests that this Court enter an opinion vacating the Bullitt Family Court's order awarding permanent custody to Grandparents. Appellees have not filed briefs in this appeal.

We first note that Appellant, through counsel, claims that the Cabinet never filed an amended petition designating him as Child's natural father. Based on this assertion, he argues that the Bullitt Family Court never established jurisdiction over him; therefore, the family court erred in granting permanent custody of Child to Grandparents.

Appellant's claim is not correct. The Cabinet's amended petition was filed on January 3, 2024, and is found at pp. 17-19 of the record. It correctly states that Z.R. is Child's father. Appellant was properly before the Bullitt Family Court.

Appellant goes on to argue that the family court erred in finding that the Cabinet met its duty to make reasonable efforts to provide reunification services to him before permanently placing Child with Grandparents. He contends that the Cabinet's efforts were woefully short of meeting the statutory requirement, especially as he was at all relevant times a resident of Florida. Appellant argues that the Cabinet's failure to make reasonable efforts to provide reunification

services should prevent it from seeking permanent placement with Grandparents, and that the family court erred in failing to so rule.

> Before any child is committed to the cabinet or placed out of his or her home under the supervision of the cabinet, the court shall determine that reasonable efforts have been made by the court or the cabinet to prevent or eliminate the need for removal and that continuation in the home would be contrary to the welfare of the child.

KRS 620.140(1)(c).

> "Reunification services" means remedial and preventive services which are designed to strengthen the family unit, to secure reunification of the family and child where appropriate, as quickly as practicable, and to prevent the future removal of the child from the family[.]

KRS 620.020(14). And finally,

> "Reasonable efforts" means the exercise of ordinary diligence and care by the department to utilize all preventive and reunification services available to the community in accordance with the state plan for Public Law 96-272 which are necessary to enable the child to safely live at home[.]

KRS 620.020(13).[2]

Having closely reviewed the record, we conclude that the Cabinet made reasonable efforts to provide services designed to strengthen Appellant's family and secure reunification per KRS 620.020. Cabinet social worker Hallie

---

[2] KRS 610.127 lists eight circumstances under which the trial court may waive the obligation to make reasonable efforts at reunification. None of these circumstances are present herein.

Arnold (Ms. Arnold) testified that because Appellant resided in Florida, she had a video call with Appellant on February 2, 2024, to go over his case plan for reunification. She had regular phone calls with Appellant, provided him with his case plan, and tried to make referrals to Florida child protective services for home study, etc. She testified that Florida workers were not willing to collaborate with Appellant despite four requests from Ms. Arnold, and that they would not visit his residence because Child was not located in Florida.

Ms. Arnold also testified that from the Cabinet's perspective, the most necessary services for Appellant to receive were a mental health assessment; substance abuse assessment stemming from conversations the Cabinet had with Mother about her experience with Appellant in Florida; protective parenting classes due to the Cabinet's concerns about physical abuse; and, anger management classes based on allegations of domestic abuse between Appellant and Mother in Florida. Ms. Arnold sought to facilitate these services in Florida without success, largely because Child was residing in Kentucky.

Finally, and perhaps most importantly, the Cabinet offered to provide these reunification services in Kentucky, which Appellant either declined or was otherwise unwilling or unable to participate in. He testified that he was on probation in Florida until the end of 2023, but would come to Kentucky to get his son if that was an option. Appellant never relocated to Kentucky. Based on the

totality of the record, including the testimony of Ms. Arnold and Appellant, we find no error in the Bullitt Family Court's conclusion that the Cabinet made reasonable efforts toward reunification as required by statute.

As part of this argument, Appellant also asserts that because no allegations of bad conduct were made against him, he should have never been subject to the Cabinet's reunification efforts in the first place. This claim is refuted by the record, as Appellant acknowledged dependency, thus giving rise to the Cabinet's reunification effort. Further, the record reveals that Appellant was convicted of rape in the 2nd degree against a minor in New York state; was on probation in Florida for an unknown conviction; had not seen Child since Child was four months old;[3] and, that testimony revealed domestic violence and drug abuse issues with Mother and Appellant while they resided in Florida. The record reasonably supports the Cabinet's petition to place Child with Grandparents, and the related statutory interventions including the Cabinet's attempted reunification.

Lastly, Appellant briefly argues that the Family Court erred in determining that Grandparents were *de facto* custodians for purposes of establishing permanent custody with them. He asserts that per KRS 403.270(1)(a), calculation of the *de facto* custodial period – 6 months for children under age 3, and 12 months for children aged 3 or over – specifically excludes any period of

---

[3] Child was born on October 29, 2022.

time after a legal proceeding has been commenced by a parent seeking to regain custody. He argues that the Florida action should have stayed the counting of Grandparents' custodial period for purposes of establishing permanent custody.

In considering this issue, the Bullitt Family Court agreed with Appellant that the Florida action was first in time. It noted, however, that there was no service made on Mother or the Cabinet, and that the Florida proceeding was not prosecuted in a timely manner and was dismissed. The court noted that Appellant had 10 months from the date he acknowledged service of the Kentucky petition and the dismissal of the Florida case where he apparently never filed information with either court as to the existence of the other proceeding. The family court was not informed of the Florida action until the final hearing, by which time the Florida action had already been dismissed.

We agree with the Bullitt Family Court that because there was no service on Mother or the Cabinet in the Florida case, and as it was dismissed for lack of prosecution, it does not operate to stay the *de facto* custodial period for purposes of KRS 403.270(1)(a). Grandparents began caring for Child when the emergency custody order was entered on January 2, 2024, and continued to care for Child without interruption for the statutory period. We find no error.

## CONCLUSION

The Cabinet met its duty to make reasonable efforts to provide reunification services to Appellant and the family court properly determined that Grandparents were Child's *de facto* custodians. The court's findings of fact were not clearly erroneous, and it properly applied the law. *S.E.A.*, *supra*. For these reasons, we find no error and affirm the order of the Bullitt Family Court granting permanent custody of Child to Grandparents.

ALL CONCUR.

BRIEF FOR APPELLANT:                      NO BRIEFS FOR APPELLEES.

Monica M. Shahayda
Shepherdsville, Kentucky